EUNICE GRAVES, *Plaintiff in Error*, v. J. M. HARRIS & BROTHER, A FIRM COMPOSED OF J. M. HARRIS AND E. HARRIS, *Defendants in Error*.

1. A contract for the lease of timber for turpentine purposes and manufacturing naval stores for a term of ........ years, purporting to convey an uncertain interest in and out of land, or for a term of more than two years, to be valid, must be signed, sealed and delivered in the presence of two witnesses as provided by Section 2448 Gen. Stats. of 1906.

2. A writing signed, sealed and delivered in the presence of one witness, which undertakes to sell and convey a turpentine still, three leases on timber made by a party having no apparent connection with the title to the land involved, is not proper evidence for the defendant in an action for damages to said land.

3. When a plaintiff in an action for damages to land acquires title to the same while the timber is being worked for turpentine and naval stores purposes under written license from the grantor of plaintiff, the latter can recover no damages for acts of the defendants in working the timber, done prior to notice to them, actual or constructive, of plaintiff's acquisition of title.

Writ of error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Calhoun & Campbell,* for Plaintiff in Error;

*Ellis Davis,* for Defendants in Error.

HOCKER, J.—The plaintiff in error brought an action for damages against the defendants in error in the Circuit Court of Jackson County to the N. E. ¼ of Section

28, Tp. 3 R. 10 N. & W. in Jackson County, and for damages for cutting, scraping, chipping and boxing the pine trees thereon, for killing trees, etc., in the sum of $500.00. And also for damages committed on the same land for wrongfully boxing and scraping the valuable pine timber thereon and removing and appropriating turpentine of the value of $1,000.00. The plaintiff alleged ownership of the said land. The defendants pleaded not guilty, and other pleas equivalent to the plea of not guilty. The trial resulted in a verdict and judgment for the defendants, which is here for review on writ of error.

Eunice Graves, the plaintiff, introduced in evidence a warranty deed of said land made to her by R. L. Atkins and wife, on the 1st of July, 1907, and recorded September 12, 1907. Plaintiff also produced J. M. Calhoun as a witness, who testified in substance that in the summer of 1909, he informed J. M. Harris, one of the members of the firm of Harris Brothers, that the land was the property of Mrs. Graves, that she had a deed from Atkins, and that Harris afterwards left off working the land and rented the house for the balance of the year from witness, acting for Mrs. Graves, for $11.00, and paid the rent in the Fall. Witness also notified him not to cut and box the timber on the land any more. He stated that he witnessed the transfer of the lease from Braxton to J. M. Harris & Brother.

Plaintiff also introduced Floyd E. Whaley as a witness, who testified that he was the son-in-law of Mrs. Graves, who has never lived in Jackson County; only been in the county once on a visit. Witness has resided on the land involved in this suit since about January, 1910. Twenty acres of land cleared and in cultivation, and a small two room house on it in which he lives. The balance of the land is in timber that has been boxed and worked.

Witness has been working the timber since he has been on the place; sold the gum in 1910 for $4.50 a barrel in the woods. The timber has been scraped up four or five feet and Harris Brothers had back-boxed it and started over the back-boxing before witness took charge. J. M. Harris told witness they had been boxing the timber for the last three or four years, and because much of the timber was small on account of the back-boxing, a large quantity had fallen down, damaging the other trees. The damage to the timber is about $200.00. The timber worked will produce about 35 barrels of gum worth $4.50 a barrel.

W. J. McLeod, a witness for plaintiff, testified in sub- stance that he knows the land involved as the Atkins place—Atkins' homestead on which he lived before he sold to Mrs. Graves, as his homestead; knows the land has been boxed and worked by Harris Brothers. The witness who says he has been in the turpentine business near the land involved for six or seven years, tells of the number of old boxes and back-boxes, the amount of scrape it ought to produce yearly, value, etc. He says that because of the boxing or cutting boxes so close on the small timber much has been blown down and de- stroyed.

J. L. Branch also testified that he had been in the tur- pentine business; rode the woods for two years for Harris Brothers, had these boxes worked, gives the number of boxes, 3500 high boxes had been cut in the trees before Harris Brothers worked the land. They worked the boxes up to August, 1907, then quit; and resumed in January, 1908. He tells of the probable production and value of crude gum and scrape.

The plaintiff then rested.

The defendants offered in evidence what is called a

bill of sale of two turpentine leases, one of W. F. Larra-more and one of Nancy Maddox, executed by R. L. Atkins to James W. Braxton. This bill of sale is not dated and does not describe any land at all. It was objected to for several reasons, one of which was that it was not acknowledged or proven. The objections were overruled, the instrument was read in evidence, and error is assigned on this ruling. It seems to us that there is error in this ruling.

The defendant then offered in evidence a contract of lease and sale made by R. L. Atkins of the first part to J. W. Braxton of the second part, his heirs and assigns, conveying the right and privilege to the entire timber suitable for turpentine purposes, and for the purpose of manufacturing naval stores, on N. E. $\frac{1}{4}$ of Sec. 28, Tp. 3 R. 10 N. & W. for the term of ———— years from January 1st, 1907. The consideration is $100.00 cash. This document is signed and sealed by R. L. Atkins and E. C. Atkins, and is witnessed by Bertha Larramore her X mark. The plaintiff objected to this instrument because it purported to be a lease upon land which was the homestead of Atkins for more than a year, and was not executed in the presence of two witnesses, was not acknowledged, had never been recorded, and was not notice to innocent purchasers. These objections were overruled and the instrument was read in evidence. Error is assigned on this ruling. This instrument plainly attempts to convey an uncertain interest of, in or out of the land described therein, and it was not signed, sealed and delivered in the presence of two witnesses as required by Section 2448 General Statutes of 1906. Richbourg v. Rose, 53 Fla. 173, text 179, 44 South. Rep. 69; Florida Ass'n. v. Stevens, 61 Fla. 598, 55 South. Rep. 981. We think the trial court erred.

The defendants then offered in evidence another instrument in writing dated 26th of January, 1906, made by R. L. Atkins to J. W. Braxton, purporting to be a contract of sale and conveyance to the latter and his heirs and assigns of the entire timber suitable for turpentine purposes for the purpose of manufacturing naval stores, commonly known as rosin and spirits of turpentine, on land described as N¼ of Sec. 28, Tp. 3 R. 10 N .& W., situated in Jackson County, with the right to work all said timber for the term of 3 years from the boxing of the same—the boxing to commence within four years from the date of this contract. The consideration is $100.00 advanced payment. It is unnecessary to give the details for the application of this payment. This instrument is signed and sealed by R. L. Atkins and E. C. Atkins, and witnessed only by Bertha Larramore, her X mark, and is not acknowledged. The plaintiff objected to the introduction of this instrument in evidence, amongst other reasons because it had only one witness. These objections were overruled and the instrument was read in evidence. This instrument purports to convey an interest in lands for a term of more than two years, has but one witness, and is void under the section above referred to, viz. 2448 General Statutes of 1906. We are of opinion that the court erred in permitting this instrument to be read in evidence.

The defendant also offered in evidence a writing executed by J. W. Braxton, signed, sealed and delivered in the presence of one witness, dated 31st of January, 1906, in which J. W. Braxton, for a consideration of $925.00 sells and conveys to J. H. Harris, a certain turpentine still "three leases from R. L. Atkins on timber described in said lease from one Dennis Swales and wife, also one

set of copper tools." The plaintiff objected to the intro-
duction of this writing, because it was irrelevant, and
because it was not proven, and was not properly wit-
nessed. The court overruled the objections, and this is
assigned as error. Braxton afterwards testified that he
executed the paper but there is no description of the
leases, no land is described, and it seems to us the ob-
jections ought to have been sustained.

. A number of assignments of error are based on the
refusal of the trial court to give instructions requested
by the plaintiff, and the giving of others requested by the
defendants. It is unnecessary for us to examine them in
detail, as they are each faulty because the case was tried
upon a improper theory of the law applicable to the facts.
The conveyance by R. L. Atkins and wife to Mrs. Eunice
Graves, the plaintiff, is a simple warranty deed, and gives
no right to the plaintiff to recover damages for trespasses
on the land before its delivery to the plaintiff. Harris
Brothers were operating upon the land under a license
from the plaintiff's grantor, and notice of the conveyance
should be brought home to the defendants to make them
trespassers as to the plaintiff. It is probable from the
evidence that the defendants had no notice of the con-
veyance to the plaintiff until it was recorded on the 12th
of September, 1907. No damages committed previous to
that date were recoverable by the plaintiff in this action.
Marianna & B. R. Co. v. Maund, 62 Fla. 538, 56 South.
Rep. 670. The charges and instructions ignored this
fact. The plaintiff did not ask for punitive damages,
and the jury should have been instructed that they could
find only such actual damages as the evidence proved has

been committed by the defendants from the date of the record of the deed up to the time of bringing this suit.

The judgment below is reversed, and a new trial awarded.

WHITFIELD, C. J., AND TAYLOR, SHACKLEFORD AND COCKRELL, J. J., concur.