This case is here upon writ of error to the circuit court of Bay County, from a judgment entered dismissing plaintiffs' amended declaration, after the court had sustained defendant's demurrer thereto and upon refusal of plaintiffs to plead further.
Plaintiffs in error, as plaintiffs below, acting for the M. E. Church, South, of Panama City, Florida, entered into a contract to purchase lots 1 and 2, Block 20, in Panama City, as per plat recorded in the office of the Clerk of the Circuit Court, for $31,000.00; $3,000.00 of which was paid in cash upon the execution of the purchase contract and the remainder was made payable at 6 months' intervals over a period of 18 months expiring December 1, 1926.
The main question presented here for review is whether the declaration shows that the defendant is unable to convey a "good and merchantable title" as required by the purchase contract.
While the defendant in error admits that the contract requires the defendant to convey "a good and merchantable title," he denies that the contract requires that theabstract or the record must show a good and merchantable title. We think his position is correct unless the record of evidence of title shows a defective title. Plaintiff's contention is that the record, evidenced by the abstract, shows affirmatively that "a good and merchantable title" is not vested in defendant and therefore the plaintiff had the right under the contract to call off the deal and demand the return of the down payment of $3000.00.
Pertinent portions of the contract provides that the seller shall have "the title to said lots abstracted by a competent abstractor and delivered to purchaser", and *Page 708 
agrees to convey the said lots by executing and delivering to the plaintiffs "a good and valid warranty deed of conveyance, conveying free from all liens and encumbrances at law or in equity;" and that if
 "The party of the first part is not seized in fee simple of said lands, the party of the first part agrees to refund to the parties of the second part the said sum of Three Thousand Dollars ($3,000), which the said parties of the second part have paid as aforesaid."
The declaration makes the abstract of title a part of it and thereafter alleges:
 "The said abstract and as appear of record in Bay County and Washington County, Florida, did not show a good and merchantable title vested in the defendant and did not show the defendant to be seized in fee simple of said land described in the contract, and it was found by the plaintiffs that the title to said land was not good and merchantable title, and the plaintiffs, by and thru their attorney, so notified the defendant on the 23rd day of November 1925, that they did not elect to take the property under the contract for the reason that it did not appear that defendant was vested with good and merchantable title to the land and notified the defendant to refund and pay back to the plaintiffs the said sum of $3,000.00 according to the provisions of the contract."
It is observed that the declaration alleges that the said conveyances as appears of record in Bay County and the parent county of Washington, did not show the defendant to be seized in fee simple of said land described in the contract and that the title to said land was not a good and merchantable title; and that plaintiffs "notified the defendant to refund and pay back to the plaintiffs the said sum of $3,000.00 according to the provisions of the contract." *Page 709 
The declaration in terms does not specify or allege just what defects are relied upon to justify plaintiffs in refusing to accept the title, but leaves the court to reach its own conclusion from an examination of the abstract as copied in the declaration, and thereupon alleges that a good and merchantable title is not vested in defendant. See 27 R. C. L. 491, Sec. 209.
In their brief, plaintiffs point out, among other alleged defects, that (1) the deed to Lot 1 from the Gulf Coast Development Co. to Charles E. Evans, being one of the conveyances upon which title of defendant is based, had only one subscribing witness, making the deed ineffective to convey fee simple title; (2) that the attempted conveyance of W. E. Whittle to K. L. Whittle defendant being attested by only one witness, as shown by copy of abstract, page 19, copied in the declaration, was insufficient to convey title.
Reverting to the first alleged defect, as to the legality of conveyances by corporations, attested by only one witness, it will be observed that Section 5672, Compiled General Laws of Florida, 1927 (Section 3799 Revised General Statutes, 1920), provides that
 "Any corporation may convey lands by deed sealed with the common or corporate seal and signed in its name by its president or any vice-president or chief executive officer."
The method prescribed by this section, by which a corporation may convey land is permissive and not exclusive. Douglass v. State Bank of Orlando, 77 Fla. 830, 82 So. 593. In other words, deeds by corporations may be legally executed in other ways, not inconsistent with legal requirements.
In the case of International Kaolin Co. v. Vause, *Page 710 55 Fla. 641, 46 So. 3, this Court said that under the provisions of this Section, "whether it is necessary to their validity that the deeds of corporations conveying land shall be witnessed by subscribing witness, Quere?" But went on to state that "under this provision of our law, it would seem that the deeds of corporations are not required to be witnessed by subscribing witnesses but our statute recognizes the doctrine universally obtaining that corporations in such matters, speak and act through their corporate seal."
It was also held in the above case that when a bill for foreclosure exhibits a mortgage "signed by the president" and under the "seal of the corporation,"
 "It makes out such a prima facie case of right in the complaint as that it would require an answer to raise an issue as to the validity of such mortgage; a demurrer cannot raise it."
In the instant case, the validity of the deed executed by the Gulf Coast Development Co. to Charles E. Evans, is raised by the plaintiff's declaration, if at all, by pleading the data as evidenced in the abstract; but does not reveal whether or not the deed was signed in its name "by the president," or "vice-president" or "chief executive officer of the corporation," as is required by the above-quoted statute. If it is not so executed it is defective, in the absence of other legal execution.
Reverting to the second point raised (2), plaintiff insists that the deed (abstract page 19) made by W. E. Whittle, an individual, to K. L. Whittle on April 30, 1920, evidencing only one subscribing witness, shows as a matter of law, that the title offered by the defendant is not a "good and merchantable" one.
Section 5660, Compiled General Laws of Florida, 1927, *Page 711 
originally enacted November 15, 1828, provides that deeds conveying lands shall be attested by two subscribing witnesses. This does not apply to corporations. Sec. 5672, Compiled General Laws of Florida, 1927. In the case of Barclay v. Bank of Osceola County, 82 Fla. 72, 85 So. 357 it is held that under the above statute,
 "No estate or interest of free-holder in land can be conveyed in any other manner than by deed in writing signed, sealed and delivered in the presence of at least two subscribing witnesses by the grantor." See also Parken v. Safford, 48 Fla. 290, 37 So. 567; Graves v. J. M. Harris Bro., 63 Fla. 169, 58 So. 236.
It is our conclusion that if a "good and merchantable title" in any given case must rest to a substantial degree upon parol, or evidence aliunde the record, the burden should be cast upon the vendor to produce and supply such evidence; otherwise an abstract required by a contract, may serve only as a convenience and not as an "epitome of the title" going to establish its regularity; in other words, the burden to supply other necessary evidence in completing a chain of title than that evidenced by the record, should not be cast upon the purchaser who may, by the very nature of things, be a total stranger to the history of such title.
In the case of Felt v. Morse, 80 Fla. 154, 85 So. 656, cited as sustaining defendant's position, where the contract was to deliver a "perfect title," it was shown that the vendor had in substance "met the objections of the purchaser," by obtaining a quit-claim deed "from the grantor in one of the defectively acknowledged deeds in his chain of title and had procured an affidavit showing his actual adverse possession of the property for the statutory period. This prima facie perfected the title." *Page 712 
The pleadings in the instant case reveal no effort to perfect the title in the instances pointed out.
In the case of Barclay v. Bank of Osceola County, supra, this Court held that "an abstract is an epitome of the record evidence of the title," and the question there involved was whether the "abstract of title" furnished by the vendor "showed" a merchantable fee-simple title. In the instant case, the title under the contract must be good and merchantable whether the abstract does or does not show it; in fact, a grantor may be able to convey a good and merchantable title, though the abstract fails in terms to show it.
This Court has drawn the distinction between an undertaking to convey a "good and marketable title" and that of a "good and marketable title of record" or "as shown by the abstract." De Huy v. Osborne, 96 Fla. 435, 118 So. 161, See also Gollnick v. James, 94 Fla. 1231, 115 So. 529. However, every valid undertaking to convey land implies the conveyance of a good title, unless of course such an obligation is excluded by other provisions of the contract. Wheeler, v. Sullivan, 90 Fla. 711,106 So. 876; Frazier v. Boggs, 37 Fla. 307, 20 So. 245; Shouse v. Doane, 39 Fla. 95, 21 So. 807.
The obligation, where the contract does not in effect require the conveyance of a good and marketable title of record, may be discharged by the conveyance of a title resting partly in parol, but free from doubt upon questions of both law and fact. De Huy v. Osborne, supra.
An abstract of title being "an epitome or digest of the record evidence of the title," it may show by its entries that the title is not free from doubt upon questions of law and fact, as for instance the deed to defendant K. L. Whittle from W. E. Whittle shows that it is ineffective to convey *Page 713 
legal title. While it is true that the contract here in question does not require the vendor to furnish anabstract showing a good and merchantable title it does require him to furnish a title which must be "good and merchantable," and therefore if such abstract pleaded shows on its face that vendor claims title under a deed ineffective in law by reason of noncompliance with Section 5660, Compiled General Laws of Florida, 1927, the declaration so pleading the defect is not subject to a demurrer, but would at least require a plea setting forth curative facts not now appearing showing the validity of the deeds in question in order to bind the purchaser to accept title.
It is stated by excellent authorities that if
"the title is defendent on the proof of a fact not of record, the proof must be very clear to warrant the court in ordering the purchaser to accept the title. If a title depends on a fact which is not capable of satisfactory proof, a purchaser cannot be compelled to take it." 27 R.C.L. 493-4, Sec. 211.
The rule prevailing in this Country is stated thus:
"In this country where the system of registration of titles prevails, it has been said that a title to be marketable must be fairly deducible of record. And as a general rule, if defects appear in the record title which can be cured only by a resort to parol evidence the title is not considered marketable. According to the general view, however, a title to be good or marketable need not be a perfect title of record." 27 R.C.L. 494-5, Sec. 213.
The same authority further adds that:
"As a general rule a purchaser is not required to accept a conveyance if the title of the vendor is reasonably doubtful. The purchaser is entitled to what is termed a marketable title, and this means not merely a title valid *Page 714 
in fact but a title that must be such as to make it reasonably certain that it will no be called in question in the future so as to subject the purchaser to the hazard of litigation with reference thereto and must be free from reasonable doubt as to any question of fact or law necessary to sustain its validity. It must be, as is sometimes said, a title which can be sold to a reasonable purchaser or mortgaged to a person of reasonable prudence, and which is not subject to such a doubt or cloud as will affect its market value." 27 R.C.L. 489-90, Sec. 207.
The trial court committed error in sustaining the demurrer to the amended declaration which shows on its face that the deed to defendant was ineffective in law to convey a good and fee-simple title.
Reversed and remanded.