DALLAS INVESTMENT COMPANY, THE SIVORT COMPANY and
VICTOR J. TATHAM v. KROUSE SECURITIES CORPORA-
TION.

190 So. 489

Division B

Opinion Filed July 7, 1939

Rehearing Denied July 25, 1939

*Leo Rosen* and *Charles P. West,* for Appellants;

*Ralph O. Cullen* and *Redfearn & Ferrell,* for Appellee.

CHAPMAN, J.—The record in this case shows that on the
22nd day of July, 1936, the parties to this cause entered
into a purchase and sales agreement, the material portions
thereof being, viz.:

"Receipt is hereby acknowledged of the sum of: Five
Hundred * * * no/100 Dollars ($500.00) from Krouse
Securities Corporation as a deposit on account of the pur-
chase price of the following described property upon the
terms and conditions as stated herein.

"Description of property: Lots twenty-four (24),
twenty-five (25) and twenty-six (26) in the Subdivision
known as Seaver and Haskill Subdivision, as per plat
thereof, recorded in plat Book Nine (9) at page 137 of
the Public Records of Dade County, Florida.

"Purchase price: Twenty-Eight Hundred & Fifty Dol-
lars ($2,850.00).

"Terms and conditions of sale: Cash to be paid fifteen (15) days after Warranty Deed and Abstract showing marketable title is delivered to our attorney. The above deposit of Five Hundred Dollars ($500.00) to be construed as part of the Purchase Price.

"Deferred payments to bear interest at the rate of_____ per cent. per annum, payable as follows: none. 1936 Taxes, insurance, interest, assessments, rents, and other expenses or revenue of said property shall be paid, assumed or pro-rated as follows: As of this date.

"Certified liens shall be paid, assumed or pro-rated as follows: By Seller.

"Pending liens shall be paid, assumed or pro-rated as follows: None.

"It is agreed that this transaction shall be closed and the purchaser shall pay the balance of the first payment and execute all papers necessary to be executed by him for the completion of his purchase within 15 days from delivery or tender to him of an abstract of the said property; otherwise the sum this day paid shall be retained by the seller as liquidated and agreed damages, and the seller shall be relieved from all obligations under this instrument.

"The seller is to furnish an abstract showing his title to be good and marketable, but in the event that the title shall not be found good and marketable, the seller agrees to use reasonable diligence to make the said title good and marketable, and shall have a reasonable time so to do, and if after reasonable diligence on his part said title shall not be made good and marketable within a reasonable time, the seller shall return the money this day paid and all moneys that may have been paid to him under this contract, and thereupon, he shall be released from all obligations hereunder. Or, upon request of the purchaser, he shall deliver the title in its existing condition.

"This contract shall be binding · upon both parties when approved by the owner of the property above described."

The abstract of title to the land described in the contract was prepared and delivered to the proposed purchaser, who caused the same to be examined by an attorney and a written opinion thereon was prepared by the attorney and delivered to the purchaser. The opinion of the attorney pointed out the following defects in the title to the land, viz.:

"Entry number 17 of the last continuation of this abstract discloses a warranty deed from Oscar Nelson and wife to The Sivort Co., a Florida corporation, dated April 12, 1937, recorded April 16, 1937, under clerk's file K-15254. Apparently The Sivort Co. claims the title to the above described property. However, we cannot pass this title as the title held by The Sivort Co. is defective for the following reasons:

"(a) At number 19 of the first continuation of the abstract it is disclosed that Bettis Tullis is the owner of lot 24 above mentioned.

"(b) At number 2 of the second continuation of the abstract appears a bill of complaint to foreclose tax certificates on lot 24 filed by The Sivort Co. against Bettis Tullis and her husband, if living, and if dead all the heirs, devisees, grantees, or other claimants under said Bettis Tullis and her husband, *et al*. This suit therefore includes unknown parties and the allegations of the bill of complaint are not sufficient to authorize service on unknown parties, and the bill is not properly verified for service on unknown parties.. The abstract does not disclose that any affidavit was ever filed for service by publication on unknown parties. Therefore, it is our opinion that the foreclosure of tax certificates by The Sivort Co. has not divested said Bettis Tullis or said unknown claimants of any right, title, or interest which they may have in this land.

"(c) At number 90 of the first continuation of the abstract appears a bill to foreclose a mortgage on lots 25 and 26 in behalf of the executors of Nathan Epstein, deceased. This mortgage, as shown at number 88 of the abstract to Nathan Epstein, in April, 1927. Thereafter, according to the abstract, he died and this bill of complaint to foreclose the mortgage was filed on June 29, 1929, by certain persons who had qualified as executors in New York. There is nothing in the abstract to show that ancillary administration was ever taken out in this state or that notice to creditors was published as required by law in Florida. Therefore, any title obtained under this foreclosure is necessarily defective, as the land involved is located in Florida and is governed by Florida law. No proof has ever been published in Florida, according to law, that Nathan Epstein is dead or that the persons named are his executors. Exemplified copies of the proceedings had in New York are attached to the bill of complaint, but nothing has been filed in the probate court here, according to the abstract, to establish that Nathan Epstein is dead or that he left a will which would affect Florida land. We call especial attention to the defect caused by the fact that no notice to creditors has been published in Florida as required by law.

"The Sivort Co. obtained its title, as shown at number 17 of the last continuation of the abstract, from Oscar Nelson and wife. Oscar Nelson and wife, as shown at number 16 of the last continuation, obtained a quitclaim deed from said executors of the will of Nathan Epstein. This deed is improperly attested, as the Irving Trust Company does not sign as executor. Furthermore, only two witnesses appear to the deed, and yet the acknowledgment shows that it was executed in New York County, New York, and in Luzerne County, Pennsylvania, and in Rockland County, New York, each executor signing at a different place. Yet

only two witnesses appear on the deed, and we cannot assume that these two witnesses rode around over the county, from county to county, to acknowledge the signing of the various grantors."

The seller of the property named in the contract of purchase was furnished a copy of the opinion holding that the title was not marketable. The seller by letter advised the purchaser that The Sivort Company had and possessed a good and marketable title to the land and was then prepared to deliver a deed to the purchaser conveying a marketable title to said land and if the balance due on the purchase price was not paid, the deposit in the sum of $500.00 paid when the contract, *supra,* was executed and delivered would be forfeited. There was no effort made as disclosed by the record, on the part of the seller to obtain a decree of the court or any other steps taken to forever quiet and place at rest the defects in the chain of title as pointed out in the opinion of title. The record shows that Victor J. Tatham was the President of Dallas Investment Company, a corporation, and also shows that the title to the land was conveyed to The Sivort Company, a corporation, of which Victor J. Tatham was President.

The prayer of the bill of complaint seeks: (1) a joint and several decree against the Dallas Investment Company, The Sivort Company, and Victor J. Tatham for the $500.00, and interest, paid under the contract *supra;* (2) that a lien be decreed on the land contracted to be sold for the $500.00 and interest; (3) that a final decree be entered ordering the sale of the land and the proceeds thereof applied to the payment of the $500.00 and interest. After the taking of testimony by the parties, and on final hearing a decree was entered in accordance with the prayer of the bill of complaint and an appeal has been perfected therefrom to this Court.

It will be observed here that the claim of the defendants below to the $500.00 involved in this suit and paid under the purchase and sales agreement, *supra*, is based on an asserted right of forfeiture accruing in their behalf and against the appellee. The contract provided for "a good and marketable title" and the seller agreed to use reasonable diligence in making the title "good and marketable," and a reasonable time was allowed for so doing. The record shows that the seller took no steps whatsoever to comply with these provisions, but on the contrary, asserted that the title was good and the $500.00 would be kept as a forfeiture.

The essential question to be decided in this case is: Has the seller supplied the purchaser with an abstract of title showing that the title to the land controlled by the contract has a good and merchantable title? If the abstract shows such a title, then the decree appealed from must be reversed, otherwise affirmed. The opinion of an attorney based upon the submitted abstract points out certain defects resting in parol or evidence *aliunde* the record. There is nothing in this record to contradict the opinion of counsel based on the abstract where several fatal defects are pointed out. The contract of the seller was to provide an abstract showing a good and merchantable title. The appellants have not complied with the terms of the contract so as to place them in a position to claim a forfeiture of the money involved in this suit. The case at bar is ruled by Adams v. Whittle, 101 Fla. 705, 135 So. 152. The decree appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.