**MODEL LAND COMPANY, a corporation, v. H. CLAY CRAWFORD and H. B. HAWSE.**

20 So. (2nd) 122                                              June Term, 1944
December 8, 1944                                                   Division B
Rehearing denied January 9, 1945

*Russell L. Frink* and *Samuel Kassewitz,* for appellant.
*Ewin T. Osteen* and *Walter T. Moore,* for appellee.

THOMAS, J.:

Judgment was entered in favor of the plaintiffs, now appellees, who sought to recover money paid for an option to purchase real property. The declaration consisted of one common count, for money had and received, and issue was formed by a plea that the defendant never was indebted as alleged.

The judge before whom the case was tried, pursuant to a stipulation waiving a jury, ruled that the title was not marketable, hence the deposit for the option should be returned. We must determine, then, whether in the circumstances we shall now relate the title to the land was merchantable when tested by the rule announced in Adams v. Whittle, 101 Fla. 705, 135 So. 152.

In the chain appeared a deed to Simon Seward, and the next link was his will devising all his real estate to his nine children "to be equally divided between them, per stirpes," yet in another clause he directed that the share of one of them should be "paid over" to the trustee of a trust previously created and should be administered "subject to all the provisions, restrictions, and limitations contained in" the trust deed.

Eventually one of the heirs purchased all the interest of six of her brothers and sisters, then brought suit for partition against a remaining brother, the sister-cestui que trust, the trustee, and the executors of the estate. So at the time of the partition suit the plaintiff owned seven-ninths of the real estate, the brother one-ninth, and the trustee held for his cestui que trust one-ninth. We make this comment with reference to the trustee's interest because, despite appellant's assertion that the "trust . . . was never impressed on the lands," the testator had declared in the will his "purpose . . . to *vest the title* to all the property herein given, devised or

bequeathed to [cestui que trust] in the . . . *Trustee*. . . ."
(Italics supplied.)

After the completion of the suit the remaining brother
and the sister for whom the trust was established conveyed
to the owner of the seven-ninths interest by a so-called deed
of bargain and sale. Title to the land mentioned in the option
involved in the instant case can be no stronger than the deed
from the sister who was the cestui que trust, a conveyance in
total disregard of the provisions of the will that the interest
being transferred was to be held by her trustee. This is true
because the property involved in this controversy was in-
cluded in the lands thus attempted to be conveyed.

It is urged by the appellant that there was an adjudication
in the partition suit of the inconsistencies between the provi-
sion of the will devising the property to the child and the one
devising it to her trustee. Unquestionably the matter of
title could have been presented and decided under authority
of Camp Phosphate Company v. Anderson, 48 Fla. 226, 37
So. 722, for if the primary purpose is partition of lands, the
chancellor may settle all controversies as to legal title.

In the state of so much of the record of the partition suit
as is exhibited to us in the stipulation of facts we are not
convinced, however, that there has been a determination of
apparent conflicts in the provisions of the will. The bill
merely recited the respective interests we have already de-
fined and the existence of the trust, then turned off the point
by adding "but under . . . the . . . will . . . the lands . . .
were . . . devised, in equal portions to the nine . . . children
. . . and . . . each . . . became seized of an undivided one-
ninth interest. . . ." Later in the pleading there appeared
the mere allegation that the plaintiff was seized of seven-
ninths, the brother one-ninth, and the sister-cestui que trust
one-ninth interest, all in "fee simple."

No issues were formed by way of answer; in fact, decrees
pro confesso were entered against all defendants. In the
final decree the court simply declared, so far as the interest
of the sister cestue que trust was concerned, that she owned
and was entitled to an undivided one-ninth interest.

We are familiar with the rule, which may occur to the reader as applying even in view of the paucity of allegations presenting the inconsistency of the terms of the will, that a decree decides all matters properly presented as well as those which could have been litigated. This is an element of the doctrine of res judicata, but not controlling here. Without detailing the other factors it seems necessary only tó remark that the land allotted to the plaintiff would have been unaffected by the manner in which the land apportioned the defendants might eventually be transferred. There was no controversy between the parties deriving from the phraseology of the will. It could not have been anticipated that in the course of time the defendants, one of them cestue que trust, would convey to the plaintiff without jointure of the trustee. It seems to us that point, at the time of the suit, could not have been conceived, for, as far as anyone knew, an eventual deed would be signed by all persons having any interest whatever under any construction of the will.

It is our view from a study of the excerpts of the decree included in this record that the chancellor had no intention of doing more than fixing the amount of the interest as distinguished from its character.

The appellant seeks to invoke the statute of repose, Chapter 10171, Laws of Florida, Acts of 1925 (Sec. 95.23, Florida Statutes, 1941, and F.S.A.), but we are not impressed with its relevancy. The trust deed, to examine it further, provided that the trustee should hold the trust estate for the benefit of settlor's child, to whom we have repeatedly referred. It was stipulated that upon her death it be held for the use of her child or children and their descendants until the oldest living child reached the age of 21 years. If the child of settlor should die leaving no child or descendants, the trustee was required to deliver the whole trust property to the settlor or his heirs.

According to the agreed facts, the child of settlor is still alive, and she has a living son now 35 years old. If he out-lives his mother he will have some interest in the estate. If she outlives him and he leaves no children, then upon her death other heirs of settlor will have an interest. Meanwhile,

whose claim was barred by the statute to which we have referred, and could it be invoked to defeat a claim of the son because more than 20 years passed between the execution of his mother's deed and her death, when his interest came into being? Could it be used to thwart the claims of the other heirs of settlor if the son predeceased his mother? We dislike to appear to beg these questions, but think such a course is justified when we recall that the principal question, after all, in a suit of this kind is whether the flaw in the title is of such nature that title to the property might be called into question " 'in the future so as to subject the purchaser to the hazard of litigation . . . to sustain its validity.' " Adams v. Whittle, supra. We believe to state the first questions is to answer the last—in the affirmative.

The judgment of the lower court is

Affirmed.

BUFORD, C. J., BROWN and SEBRING, JJ., concur.