ALLEN, J.
 

 The appellants challenge a summary judgment in a dispute involving a land sale contract. Because the appellees were not able to deliver good and merchantable title as specified in the contract, the summary judgment should not have been entered in their favor. Instead, summary judgment should have been entered for the appellants on their claim for return of their earnest money deposit.
 

 The property which the appellees were trying to sell includes submerged land previously owned by the State of Florida, and which passed into private ownership under the Butler Act. That act provided for the transfer of title for such state lands when “bulk-headed or filled in or permanently improved.”
 
 See, e.g., City of West Palm Beach v. Board of Trustees of the Internal Improvement Trust Fund,
 
 746 So.2d 1085 (Fla.1999). After the Butler Act was repealed and the Bulkhead Act enacted at section 253.129, Florida Statutes, the state issued a disclaimer as to the submerged land at issue here. Although the disclaimer confirmed the private ownership of such land, it stated that if any of the improvements on and above the land were permanently abandoned and deteriorated or washed away, title would automatically and immediately again vest in the state unless judicially determined otherwise. This disclaimer, with the state’s reversionary interest, was recorded in the public records.
 

 The contract in this case indicated that in the event of a controversy regarding title, a title insurance commitment would be conclusive evidence of good and merchantable title. A title search was undertaken and a title commitment issued as to the land, but the commitment expressly excluded and declined to insure against the state’s ownership interest in the submerged land. After this title commitment was furnished by the appellees, the appellants notified them of the title defect as reflected in the exception with regard to the reversionary interest in the recorded disclaimer. The appellees did not cure this defect within the time allowed under the contract, and the appellants sought the return of their earnest money deposit.
 

 In entering summary judgment for the appellees, the court apparently accepted their argument that the state’s re-versionary interest in the disclaimer was improper under the Bulkhead Act. The appellees relied on the decision in
 
 Anderson Columbia Co. v. Board of Trustees of the Internal Improvement Trust Frond,
 
 748 So.2d 1061 (Fla. 1st DCA 1999). That case involved a proposed rule which provided for a reversionary interest in disclaimers issued under the Bulkhead Act. In
 
 Anderson Columbia
 
 this court determined that the proposed rule did not comport with the Bulkhead Act, and that inclusion of the reversionary interest in the disclaimer would exceed the delegated legislative authority under that act. The appellees assert in light of
 
 Anderson Columbia,
 
 the reversionary interest in the disclaimer in this case is likewise improper and does not affect merchantability of title. However, the disclaimer here was issued and recorded before the decision in
 
 Anderson Columbia,
 
 and remained in the public records with the reversionary interest as a cloud on title throughout the time specified in the contract for the appellees to cure any title defect. The ultimate validity of the reversionary interest is not the only concern regarding merchantability of title, as good and merchantable title must be sufficiently certain so that it will not be called into question in the future,
 
 *1275
 
 and not subject the holder to the risk of litigation so as to create doubt or affect the value of the property.
 
 See e.g. Henley v. MacDonald,
 
 971 So.2d 998 (Fla. 4th DCA 2008);
 
 Adams v. Whittle,
 
 101 Fla. 705, 135 So. 152 (1931).
 

 The appellees suggest that this title defect should be disregarded because the appellants could have found it themselves by searching the public records, and because the appellees subsequently obtained a new disclaimer from the state without the reversionary interest. The appellees also note that the contract expressly provided that it was made subject to “restrictions, easements, and covenants of record” along with “zoning ordinances, regulations, and laws of governmental authorities.” But that provision does not negate the appellees’ contractual obligation to provide merchantable title. And although the appellants may have been able to discover the disclaimer in the public records the contract did not compel them to do so, particularly in light of the provision indicating that the title commitment would be determinative. Furthermore, the appel-lees did not obtain a new disclaimer until the contractual time to cure the title defect had expired, whereupon the appellants were entitled to the return of their earnest money deposit.
 

 Because the appellees did not furnish good and merchantable title as specified in the contract, the court should not have entered the summary judgment in their favor and should instead have entered the judgment for the appellants. The appealed order is therefore reversed, and the case is remanded.
 

 PADOVANO, and ROBERTS, JJ., concur.