[No. 7984. Department One. October 4, 1909.]

## A. R. WATSON et al., Appellants, v. JENNIE C. BOYLE, Respondent.[1]

VENDOR AND PURCHASER—MERCHANTABLE TITLE. An abstract of title failing to show a conveyance from the patentee and requiring parol evidence to show inheritance from him and adverse possession thereunder, does not show a merchantable title which can be forced upon an unwilling purchaser.

Appeal from a judgment of the superior court for Pierce county, Shackleford, J., entered March 5, 1909, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action for specific performance. Affirmed.

*Bates, Peer & Peterson*, for appellants.

*Wm. H. Pratt*, for respondent.

FULLERTON, J.—On May 16, 1908, the appellants entered into a written contract with the respondent, Jennie C. Boyle, the defendant Alfred J. Boyle joining therein, by the terms of which the parties thereto mutually agreed to exchange properties, the appellants agreeing to convey to the respondent certain real and personal property in the county of Lewis in consideration of a conveyance by the respondent to them of property within the city of Tacoma, and the execution to them of a mortgage on the Lewis county property of

[1]Reported in 104 Pac. 147.

$2,800. The contract further provided that, within ten days after its date, the parties should exchange abstracts of their real properties, and within five days thereafter complete and carry out the provisions of the contract. The abstracts were exchanged within the time agreed upon, and within five days thereafter the respondent returned to the appellants the abstract furnished her by them, with certain written objections made to the title by her attorney to whom she had submitted the abstract for examination, accompanying the same with a letter from herself in which she notified the appellants that she would not perform the contract. Thereafter, the appellants brought the present action for a specific performance of the contract. A trial was had of the issues found, which resulted in a judgment in favor of the respondent.

While many questions are argued in the briefs, we have found it necessary to notice but one; namely, whether a merchantable title to the Lewis county property was tendered to the respondent. We think the title tendered was insufficient to comply with the contract, which required a good and sufficient title. The abstract tendered failed to show a conveyance from the patentee of the United States to the person from whom the appellants derived title. At the trial the appellants sought to close up this gap in their title by showing that their grantor was a son of the patentee, and derived his interests in the land by inheritance from his father and mother, and that they, together with their predecessors in interest, had been in the open, notorious, adverse, and exclusive possession of the property for a period equaling many times the statute of limitations. But as we held in *Coonrod v. Studebaker*, 53 Wash. 32, 101 Pac. 489, a party purchasing real property under a contract like the one at bar is entitled to a merchantable title, which we there defined to be one deducible of record reasonably clear from defects which affect its salability; one that does not require the purchaser to inquire outside of the record whether there are heirs or other persons whose rights may or may not be

precluded by lapse of time. A merchantable title is "such a. title as a reasonably well informed and intelligent purchaser acting upon business principles would be willing to accept." *Cummings v. Dolan*, 52 Wash. 496, 100 Pac. 989.

It may be that the appellants showed with reasonable certainty that this title was one capable of being successfully defended. But this was not enough. Few persons care for that form of title which requires a resort to parol evidence to establish a link in its chain. And there is a well-founded reason for such dislike. Other conditions being equal, property so held is always passed by when offered for sale in competition with property held by title deducible of record. Such a title is more subject to attack by speculators in defective titles than is a record title, and when attacked more difficulty is experienced in establishing it than is in establishing the latter form of title. Land so held cannot be left vacant with the same safety as land held by title of record, and it seems that no matter how incontestable the parol proofs of title may be, a constant resort to the courts is necessary to enforce rights and contracts in connection therewith which pass unquestioned with other forms of title. For these and other reasons, such a title is undesirable, and courts will not force it upon an unwilling purchaser who has contracted for a marketable title.

The judgment is right and should be affirmed. It is so ordered.

RUDKIN, C. J., CHADWICK, GOSE, and MORRIS, JJ., concur.