JOHN A. BARCLAY, *Appellant*, v. BANK OF OSCEOLA COUNTY, A CORPORATION, AND DOLPH WALKER, *Appellees.*

Opinion Filed June 30, 1921.

1. A contract requiring the vendor to furnish "an abstract showing a merchantable fee simple title" to land in him is not complied with by delivering an abstract which shows the record title to be defective, accompanied with affidavits showing adverse possession of the property for the statutory period by the vendor or some predecessor in title under whom he claims.

2. A contract for the purchase of land requiring "an abstract showing a merchantable fee simple title" in the vendor is not complied with unless the title is shown to be good of record and may not be satisfied by affidavits tending to prove title by adverse possession.

3. A deed of conveyance of land in this State in order to be valid must be in writing signed, sealed and delivered by the grantor in the presence of at least two subscribing witnesses.

An Appeal from the Circuit Court for Osceola County; C. O. Andrews, Judge.

Affirmed.

*Kribbs; Akerman & Steed*, for Appellant;

*Dickinson & Dickinson*, for Appelle Dolph Walker.

WEST, J.—In this opinion the appellant will be referred to as appellant, the appellee Bank of Osceola County will be referred to as the bank, and the individual appellee as the appellee.

The appellant and appellee entered into a written agreement by which the former agreed to sell and the latter agreed to purchase a certain lot of land situate in the Town of Kissimmee. The price agreed to be paid for said land was $5,000.00, payable, according to the contract, $500 in cash, to be deposited in the Bank of Osceola County in escrow; $1,500 to be paid upon the delivery of a warranty deed properly executed by appellant and his wife to appellee "together with an abstract showing a merchantable fee simple title to said premises" in appellant; $1,500 on or before six months from the date of the delivery of said deed; and $1,500 on or before twelve months from the date

of the delivery of said deed; the deferred payments to be evidenced by notes secured by a mortgage in the usual form.

By the contract appellant agreed to tender to appellee within five days from the date of the contract a properly certified abstract of the title to said lot and appellee was allowed ten days from said tender to have the contract examined and approved by his attorneys. It was recited that the wife of appellant was out of the State and reasonable time was allowed in which to procure her signature and acknowledgment to the deed.

The paragraph of the contract particularly pertinent to this inquiry is as follows: "In the event the said party of the first part fails to deliver said deed or the title to said premises should not be a merchantable fee simple title, then said sum of Five Hundred Dollars is to be returned to said party of the second part and then this contract stands rescinded, and in the event said party of the second part fails to accept said deed the title to said premises being found to be merchantable, or fails to pay the Fifteen Hundred Dollars, payment in cash upon the tender of said deed, or fail to execute and deliver to said party of the first part the promissory notes and mortgage hereinbefore specified, properly executed and acknowledged by himself and his wife, said party of the second part is to forfeit all rights under this agreement and said sum of Five Hundred Dollars is to be paid by the said bank to said party of the first part and retained by him as liquidated damages."

Both appellant and appellee claimed a breach of the contract each upon the part of the other and each made demand upon the bank for the sum deposited with it in escrow when the contract was entered into.

The bank thereupon filed its bill of interpleader alleging the making of the contract, the deposit with it of $500 in escrow in accordance with the terms of the contract, demand upon it by each of the parties thereto for the sum deposited, the absence of any claim by it to said money, and its readiness to pay it over to the party entitled to receive it.   There was a prayer that appellant and appellee be required to interplead and settle and adjust between themselves their claim to said amount, that the bank be permitted to pay the same, less cost and expenses, into the registry of the court, and for general relief.

The appellant answered, admitting the making of the contract, the deposit of the sum stated with the bank by appellee, and averred a tender by himself to appellee of the abstract of title and deed to the lot in compliance with the terms of the contract, and appellee's refusal to make payment for the lot or to comply with the contract upon his part.   By way of an affirmative answer in the nature of a cross-bill appellant, more in detail, averred compliance with the terms of the contract on his part, admitted defects in the record title to an undivided interest in the lot shown by the abstract tendered appellee, averred that certain affidavits secured by him showing adverse possession of the lot by a predecessor in title for the statutory period effectually cured the alleged defects, the tender to appellee of a deed to the lot according to the terms of the contract, and appellee's refusal to accept same, which is averred to be arbitrary, constituting a breach of the contract by appellee and entitling appellant to receive as liquidated damages under the terms of the contract the sum of money held by the bank in escrow.

The appellee answered, admitting the making of the contract, the deposit of the sum stated with the bank by him-

self in compliance with the provisions of the contract, ad·mitted the tender to him of an abstract of the title to the lot, averred that the contract required that appellant tender to him a certified abstract of title to the lot showing a merchantable fee simple title thereto, admitted the tender to him of a deed to said lot by appellant, and averred his refusal to accept same because of defects in the title shown by the abstract, which defects are pointed out, and appellant's efforts to cure same· are averred to be fruitless and unsatisfactory so that counsel representing appellee were unwilling to approve the title and advised that according to the abstract tendered appellant did not own a merchantable fee simple title to said property, whereupon he declined to accept said deed and demanded the amount on deposit with said bank to be returned to him.

By stipulation of counsel the cause was submitted on bill and answer, it being agreed that the answer of appellant in the nature of a cross-bill should be taken as the bill of complaint and the answer of appellee and the demurrer incorporated therein be regarded as the answer and de·murrer to said cross-bill. It was further agreed that the original deed conveying a one-third interest in said lot to a predecessor of appellant in· title and under which he claimed title, shown by the abstract furnished by appellant to be defective because not under seal, should be filed in evidence before the court and that said original deed was not under seal.

Upon final hearing the decree was for appellee and appellant appealed.

There are several assignments of error, but in. the brief of counsel for appellant it is said that counsel on both sides have so narrowed the issue by the pleadings and stipulation as that the controlling question is whether or not

the defect in the deed referred to, namely, that the deed is not under seal, is such a defect in appellant's title as to warrant appellee's refusal to complete the transaction in accordance with the terms of the contract. In the brief of counsel for appellee it is conceded that only one question is involved, and while the question conceived to be involved is stated somewhat differently, it amounts to the same thing.

It is contended by counsel for appellant that the decision in the case of Felt v. Morse, 80 Fla. 154, 85 South. Rep. 656, is decisive of this case, but we think the question presented by this record is clearly distinguishable from the question presented in that case. There the contract called for a perfect title. Nothing was said in that contract about an abstract or a record title. Here the contract requires appellant, as a condition precedent to his right to demand performance on the part of appellee, to deliver to appellee "an abstract showing a merchantable fee simple title to said premises" in himself. The distinction is recognized generally by the authorities. If the abstract delivered by appellant showed his title to be materially defective and therefore not a merchantable fee simple title, it was not a compliance with the terms of the contract by him. The question is not whether appellant's title was in effect a good or merchantable title. It is whether the *abstract of the title* furnished by him showed a "merchantable fee simple title." An abstract is an epitome of the record evidence of the title. A title appearing from the records as clear is more desirable and renders the property more saleable and therefore more valuable than such property is where the title rests partly in parol. Accordingly, a contract calling for "an abstract showing a merchantable fee simple title" is not complied with by furnishing an abstract which shows the record title to be defective accompanied with

affidavit showing adverse possession of the property for the statutory period by the vendor or some predecessor in title under whom he claims. Henning v. Smith, 151 N. Y. Supp. 444; Lake Erie Land Co. v. Chilinski, 197 Mich. 214, 163 N. W. Rep. 929; St. Clair v. Hallweg, 173 Mo. App. 660, 159 S. W. Rep. 17; Austin v. Shipman, 160 Mo. App. 215, 141 S. W. Rep. 425; Howe v. Coates, 97 Minn. 396, 107 N. W. Rep. 397; Constantine v. East, 8 Ind. App. 291, 35 N. E. Rep. 844; Gwin v. Calegaris, 139 Cal. 384, 73 Pac. Rep. 851; Bear v. Fletcher, 252 Ill. 206, 96 N. E. Rep. 997; Alling v. Vander Stucken (Tex.), 194 S. W. Rep. 443; Watson v. Boyle, 55 Wash. 141, 104 Pac. Rep. 147; Noyes v. Johnson, 139 Mass. 436, 31 N. E. Rep. 767; Danzer v. Moerschel, (Mo.), 214 S. W. Rep. 849, 7 A. L. R. 1162 and note.

Under the statute (Sec. 3787 Revised General Stats. of Florida, 1920), no estate or interest of free-holder in land can be conveyed in any other manner than by deed in writing signed, sealed and delivered in the presence of at least two subscribing witnesses by the grantor. A deed to land not under seal is ineffectual to convey the title of the grantor attempted to be conveyed. Therefore, an abstract showing such a defect in one of the deeds in grantor's chain of title and upon which his ownership depends is not "an abstract showing a merchantable fee simple title" in the grantor.

The decree appealed from will be affirmed.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.