H. J. DINNEBEIL, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. EVELYN BRAUN, DEFENDANT-APPELLANT.

Submitted October 7, 1941—Decided January 3, 1942.

Before Justices PARKER, DUNGES and COLIE.

For the plaintiff-respondent, *Rex B. Altschuler*.

For the defendant-appellant, *Reed, Reynolds & Smith* (*Everett B. Smith,* of counsel).

The opinion of the court was delivered by

COLIE, J. H. J. Dinnebeil, Inc., on March 18th, 1940, purchased a piece of property in Bergen County from Evelyn Braun, the defendant, and Milton M. Braun, her husband. The deed contained a covenant upon the part of the grantor that the lands conveyed "at the time of the sealing and delivery of these presents, are not encumbered by any mortgage, judgment, or limitation, or by any encumbrance whatsoever, by which the title of the said party of the second part * * * can or may be changed, charged, altered or defeated in any way whatsoever." H. J. Dinnebeil, Inc., attempted to sell the property in June, 1940, when a search revealed of record a mortgage dated February 20th, 1901, made by Eleanor I. Storm to Eleanor Acker Storm, to secure payment of the sum of $500. Eleanor Acker Storm, the mortgagee, died in 1924, her will being probated in a Florida court, which granted letters testamentary to her husband, Francis F. Storm, Jr. On April 15th, 1926, Francis F. Storm, Jr., was duly discharged by the laws of the State of Florida as executor of the estate of said Eleanor A. Storm. About seven months after being discharged as aforesaid and on November 24th, 1926, said Storm executed as "sole executor under the last will and testament of Eleanor A. Storm, deceased" a satisfaction piece for the mortgage, which was recorded in the Bergen County clerk's office.

H. J. Dinnebeil, Inc., filed a petition in the Bergen County Court of Common Pleas under *R. S.* 2:66-1, *et seq.,* in which it set forth the conveyance to it in March, 1940, of the property; the execution and recording of the $500 mortgage in

1901; the death of the mortgagee in 1924 followed by the appointment of Francis F. Storm, Jr., as executor and his discharge as such in April, 1926, and thereafter the execution by him *as executor* of the satisfaction piece and its recording. The petition further recites that the petitioner is informed that the attempted satisfaction of the mortgage was ineffectual in law because the said Francis F. Storm, Jr., had been discharged as executor before executing the same and that therefore the mortgage was open on the records and an encumbrance against the lands of petitioner. Accompanying the petition were affidavits verifying the allegations thereof, among which was an affidavit of Gustavus A. Storm, a brother of the now deceased Francis F. Storm, Jr., in which he swore that some time in 1926 the mortgage was paid off in full to Francis F. Storm, Jr. On the basis of the recitals in the petition, supported by affidavits, the learned Common Pleas Judge on September 27th, 1940, issued an order to show cause to "Eleanor Acker Storm or her heirs, devisees or personal representatives" to show cause why the mortgage should not be canceled of record. On November 4th, 1940, an order was filed, directing the cancellation of the mortgage by the clerk of Bergen County, and presumably the mortgage was thereafter canceled of record.

In this posture of affairs, on January 31st, 1941, H. J. Dinnebeil, Inc., brought suit against its grantor, Evelyn Braun, in the District Court of the Third Judicial District of the County of Bergen, charging that on March 18th, 1940, when said Evelyn Braun conveyed the property to it, the mortgage was an encumbrance on the plaintiff's land and that the defendant, Evelyn Braun, had therefore breached the covenant against encumbrances contained in the deed to the plaintiff. The state of demand further sets forth that the plaintiff had paid out the sum of $350 to clear the title of said encumbrance. There was a second count, substantially the same, except that it alleged the existence of a lien against the plaintiff's land.

The case was submitted to the District Court Judge on a stipulation of facts generally as above set forth and after consideration of the matter, the court entered judgment in favor

of H. J. Dinnebeil, Inc., and against the defendant, Evelyn Braun, for $350 and costs.

Defendant appeals from that judgment and the specification of determinations with which appellant is dissatisfied may be summed up in a single statement that upon the evidence before the District Court Judge there was no showing of a breach of the covenant against encumbrances and that therefore the judgment is erroneous. The undisputed facts before the trial judge were that the mortgage was placed upon the property 39 years before it was conveyed to the plaintiff; that in 1926, 14 years prior to the date of entering into the covenant sued upon, the debt, as security for which the mortgage was given, had been paid off. It is settled law that a mortgage is regarded primarily as security; the debt is the principal fact and the mortgage collateral thereto, *Shields* v. *Lozear,* 34 *N. J. L.* 496; *Grennon* v. *Kramer,* 111 *N. J. Eq.* 337, and the discharge of the debt secured thereby extinguishes the mortgage. *Shields* v. *Lozear, supra;* 4 *Kent's Comm.* 193.

The theory of the plaintiff's action here is that there existed an encumbrance or lien upon the plaintiff's property on the date when the covenant against encumbrance was entered into, but the proofs are to the contrary and affirmatively show that the debt, as security for which the mortgage was given, had been discharged many years prior to the entering into of the covenant, and it therefore follows that when the plaintiff took title by a deed which contained the above-quoted covenant against encumbrances, there was no breach thereof.

Our conclusions make unnecessary any comment upon the other points raised in appellant's brief.

The judgment of the District Court is reversed, and remanded to the District Court, with costs.