## NICHOLAS D. ALLEN v. FRED BOWMAN

10 So. (2nd) 905                                   January Term, 1943
January 26, 1943                                   Division B
Rehearing Denied February 10, 1943

*Hyzer & Padgett, Inman Padgett* and *T. H. Teasley,* for appellant.

*James M. McCaskill,* for appellee.

SEBRING, J.:

Appellant sues to compel the return of a down payment made to appellee under an executory contract to purchase certain building lots, which both parties understood were to be used for a hotel site; and to cancel and rescind the contract. By the terms of the contract, seller agreed to furnish an abstract showing his title to be "good and marketable and/or insurable," and appellant agreed to consummate the purchase within a specified time thereafter, or forfeit his down payment. If title was found not to be "good and marketable and/or insurable," appellee agreed to make it so within a specified time; otherwise the contract was to become null and void, and the down payment returned.

Paragraph 3 of the contract provided that the property shall be sold and purchased subject to the zoning ordinances of the Town of Surfside, "but with the understanding that all deed restrictions pertaining to this property have been removed or rendered ineffective, and that the property is now zoned for hotel and apartments, which buildings shall not exceed three (3) stories in height."

Upon examination of the abstract by appellant's attorneys, certain deed restrictions upon the use of the property, which had been imposed by the original developers of the subdivision, were found. Those existing restrictions, ten in number, restricted the use of the lots to residences only, prescribed conditions governing the erection and location of buildings thereon, and prohibited the sale, lease or rent of said lots to persons not of the Caucasian race, or to firms or corporations in which any such persons were members or shareholders.

Upon appellee's failure to clear the record of the restrictions within the time specified in the contract, or to return the down payment, appellant brought suit to rescind and cancel the contract and recover the money paid; alleging the existence of the restrictions, and that they had not been removed or rendered ineffective within the meaning of the contract.

In due time, appellee answered admitting the existence of the restrictions as a matter of record but alleging that they had been rendered ineffective as a matter of fact by numerous and sundry violations thereof by other lot owners in the subdivision, resulting in a complete change in the character of the neighborhood from residential to business use; and by a judicial finding of fact in a certain suit in equity wherein the Circuit Court of Dade County had dealt with the self-same restrictions as to other lots in the same subdivision and had cancelled certain of the restrictions that conflicted with municipal zoning ordinances permitting erection of hotels and apartments thereon.

When the master reported, he found that the deed restrictions had not been removed or rendered ineffective within the meaning of the contract, and that the relief prayed for

in the bill of complaint should be granted. On final hearing, the chancellor sustained exceptions to the report, overruled his findings of fact and law, and entered a final decree which dismissed the bill with prejudice, cancelled and annulled the contract, and ordered that the down payment should stand forfeited unless appellant should fully comply with the contract within sixty days. From this decree appeal was taken.

We are of the opinion that the decree was error. When appellee agreed to furish an abstract showing "good and marketable and/or insurable title," he agreed to show by that abstract a good marketable *record* title as distinguished from one that might be good in point of fact but dependent in material respects upon matters in pais to support its validity. DeHuy v. Osborne, 96 Fla. 435, 118 So. 161.

The parties having thus elected to contract with reference to record title only, it is our conclusion, nothing appearing in the contract to the contrary, that they must be held to have intended to deal with deed restrictions in like manner; that is, that the abstract should show them removed or rendered ineffective, or inoperative, *as a matter of record*.

That such an abstract was not tendered appellant, is freely admitted. Appellant was justified, therefore, in refusing to accept title. Barclay v. Bank of Osceola County, 82 Fla. 72, 89 So. 357; Gollnick et ux. v. James, 94 Fla. 1231, 115 So. 529.

Having reached this conclusion, no necessity exists for any comment upon the testimony. For the sake of completeness, however, we make this observation: conceding the soundness of appellee's contention (a point which we have determined against him), the evidence is not sufficient to support it.

The decree is reversed, with directions to the lower court that upon the mandate going down a decree be entered in favor of appellant, granting him the relief sought by his bill of complaint.

It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concurring.