**W. W. SHRINER v. V. M. FOUNTAIN, JR.**

26 So. (2nd) 809                                    June Term, 1946
July 9, 1946                                             Division B

*Gorman & Hamlin,* for appellant.

*Hull, Landis, Graham & French, D. C. Hull* and *J. Compton French,* for appellee.

SEBRING, J.:

The appellant, Shriner, sued the appellee, Fountain, to recover damages upon an alleged breach of a written contract to convey certain property situated in Daytona Beach, Florida. A demurrer was sustained to the declaration and the plaintiff below refused to amend. Thereupon judgment was entered in favor of the defendant, and the plaintiff has taken this appeal.

The contract which was the basis of the action was executed on November 13, 1944, upon a printed form bearing the title: "Daytona Beach Board of Realtors Official Form No. 1, Deposit Receipt," which we assume was completed by typewritten insertions describing the property and the terms and conditions of sale. As finally executed the contract provided for a total purchase price of $13,000 to be paid for the property, of which $500 was to be paid at the time of the execution of the contract, another $4,500 was to be paid at the time of the closing of the sale, and the balance was to be paid on or before six months thereafter. Also contained in the contract were the following provisions:

"It is agreed that this transaction shall be closed and the purchaser shall pay the balance of the first payment and execute all papers necessary to to be executed by him for the completion of his purchase on or before 15 days after delivery of properly executed deed and abstract to date showing merchantable title; otherwise the sum this day paid shall be retained by the seller as liquidated damages, and the seller shall be relieved from all obligations under this instrument.

"A tender or delivery of the abstract may be made to the buyer or an agent previously named by him to the seller in writing, or in the event no such agent is named and the buyer

absents himself from vicinity, then the broker shall be the agent for receiving such abstract. The seller is to furnish an abstract showing his title to be good and marketable, but in the event the title shall not be found good and marketable, the seller agrees to use diligence to make the said title good and marketable, and shall have a reasonable time to do so, and if after reasonable diligence on his part said title shall not be made good and marketable within a reasonable time, the seller shall return the money this day paid and all moneys that may have been paid to him under this contract, and thereupon he shall be released from all obligations hereunder. Or, upon request of the purchaser, he shall deliver the title in its existing condition.

"This contract shall be binding upon both parties when approved by the owner of the property above described.

DONNELLY & PARRISH  Broker

By A. E. Donnelly

"I, or we, agree to purchase the above described property on the terms and conditions stated in the foregoing instrument.

Witness:

P. C. Gorman

R. P. Hamlin                           W. R. Shriner (Seal)

"I, or we, agree to sell the above mentioned property to the above named purchaser on the terms and conditions stated in the above instrument.

Witness:

-------------------------------------                           V. M. Fountain, Jr. (Seal)

-------------------------------------                           ----------------------------------- (Seal) "

It is alleged in the declaration, in substance, that the plaintiff entered into the contract in good faith and that in pursuance thereof he made the stipulated down payment of $50 to apply on the purchase price; that thereafter in conformity with the contract the defendant caused to be prepared and delivered to the plaintiff an abstract to the property covering the period of time from the earliest public records to November 16, 1944; the plaintiff's counsel examined the abstract and found the title merchantable, of which defendant

was duly notified; and that on December 29, 1944 the plaintiff notified the defendant to prepare and execute a deed as provided by the contract and defendant failed and refused to tender the deed. It appears further that on January 17, 1945 the plaintiff tendered in good faith the sum of $5000, representing the balance of the down payment, and advised the defendant that he was ready, able and willing to carry out and fulfill all parts of the contract undertaken by him for the purchase of the property and demanded from the defendant a deed; but that the defendant refused to complete his part of the contract on the ground that to do so "would require him to pay large sums of money for income taxes to the government of the United States." The damages claimed are for the value of the bargain at the time of the breach, with interest.

From a perusal of briefs and the argument of counsel at the bar of this court it appears that the demurrer to the declaration was sustained because the plaintiff did not allege in his declaration that the written contract executed by the parties was approved by the "owner" of the property, as was required by the terms of the contract as a condition to its becoming effective. The argument of the appellee on this point is that the contract was signed by the plaintiff Shriner as "buyer," was signed by the defendant, Fountain, as "seller," and specifically provided that it should not become binding on either of these parties until approved by the "owner"; that the "seller" and the "owner" are not necessarily the same person and that there is nothing in the contract or declaration to show that in the case at bar they are the same person; that when the declaration is construed most strongly against the pleader it must be presumed that the "seller" and the "owner" are not one and the same person; and that consequently the declaration fails to show that the defendant ever became bound by the contract.

Addressing ourselves to this sole point it will be observed that the instrument sued on provides that "The seller is to furnish an abstract [to the buyer] showing his title to be good and marketable . . . " An agreement on the part of a vendor to furnish an abstract showing *his* title to be good and marketable is satisfied only by showing a marketable title *in the*

*vendor* unencumbered and free from reasonable doubt in law and fact as to its validity at the time of the examination of the abstract. See Walker v. Close, 98 Fla. 1103, 125 So. 521; Adams v. Whittle, 101 Fla. 705, 135 So. 152; Winkler v. Neilinger, 153 Fla. 288, 14 So. (2nd) 403. The allegations of the declaration are "that said defendant did cause to be prepared an abstract of title to the above described real estate covering the period of time from the earliest public records to November 16, 1944, which was examined by plaintiff's counsel, and the title found merchantable, and the defendant thereupon duly notified thereof."

While the pleader has not made this allegation as clear as could be, the language used can logically mean but one thing: that the abstract was examined by the "buyer" and from the examination the title was found to be in Fountain, the "seller." Any other construction would make of the allegation an absurdity. Now if it be true—as we must assume upon demurrer that it is—that as of the time of the transaction between the parties the title to the property was found to be in Fountain, the "seller," then as of that time the "seller" and the "owner" of the property were one and the same person; and the terms of the contract as respects the necessity for the approval thereof by the "owner" before it should become binding upon the "seller" were satisfied when Fountain affixed his signature to the contract. Upon such construction the proposition that the declaration is insufficient because it fails to allege that the contract ever became a binding obligation upon the seller by approval of the owner is not tenable.

As our consideration of the case is limited to the sole issue argued on the sufficiency of the declaration, other questions of law that may arise at a later stage of the case may not be anticipated, but must wait for an answer when they have been duly presented.

The judgment appealed from is reversed.

It is so ordered.

CHAPMAN, C. J., BROWN and THOMAS, JJ., concur.