79 So.2d 852 (1955)
William H. ALEXANDER and Helen H. Alexander, Appellants,
v.
Sally Orr CLEVELAND, Appellee.
Supreme Court of Florida. En Banc.
April 6, 1955.
Rehearing Denied May 23, 1955.
*853 William H. Seaver, Dade City, for appellants.
Dayton & Dayton and Charlie Luckie, Jr., Dade City, for appellee.
SEBRING, Justice.
William H. Alexander and Helen H. Alexander, his wife, entered into a contract to purchase from the appellee a certain residence property, for the sum of $9,500, of which $1,000 was to be paid upon the execution of the contract, an additional $4,500 was to be paid if a deed conveying merchantable title was delivered to the buyers on or before January 1, 1953, and the remainder of the purchase price was to be payable in the future and secured by a mortgage on the property.
By the terms of the contract the seller agreed with the buyers as a condition to the sale that the seller would furnish to the buyers "an abstract of title * * * showing good merchantable title" and further agreed "In event merchantable title cannot be conveyed prior to January 1st, 1953 *854 * * * to refund said $1,000.00 on demand." The seller furnished to the buyers an abstract which showed that the seller had acquired title from a grantor who had acquired the property by a tax deed from the State of Florida. Although we do not find a copy of the tax deed in the record, we assume that it was valid in form. However, as we understand the record, there were no entries in the abstract showing the antecedent proceedings upon which the tax deed was based.
Upon advice of their attorney the buyers refused to accept a deed to the property on the ground that the seller had failed to furnish an abstract showing good and merchantable title, as agreed, and demanded the return of the $1,000 down payment. Upon receiving notice of the refusal of the buyers to consummate the transaction, the seller offered to bring suit to quiet title to the property; but this was refused by the buyers because the seller could not give assurance that the suit would be brought to a successful conclusion by January 1, 1953, the last day on which it had been agreed by the parties that a deed conveying merchantable title would be executed and delivered. Subsequently, the buyers brought suit to cancel the contract, for the return of the down payment, and for money judgment for amounts expended by the buyers in reliance upon the agreement of the seller that the transaction would be closed and merchantable title delivered on or before January 1, 1953.
At final hearing the court below found "that the title * * * to the lands involved * * * was * * * a merchantable title and the purchasers * * * should have accepted the same." Accordingly, the court entered a decree for the defendant, to the effect that the plaintiffs (purchasers) had forfeited their earnest money; that the improvements made by the purchasers while in possession of the property were made at their own risk; and that the plaintiffs were entitled to no relief.
The pivotal question on this appeal is whether the furnishing of an abstract reflecting title by a bare tax deed entry constitutes a compliance with a covenant in a sales agreement "to furnish * * * an abstract of title * * * showing good merchantable title."
In our opinion the provision of the contract, by which the seller agreed in the alternative to convey merchantable title prior to January 1, 1953, or to refund the $1,000 down payment, does not in any respect alter or vitiate the first clause of the contract by which the seller bound herself "to furnish * * * an abstract of title * * * showing good merchantable title." It appears, therefore, that the court below, in finding simply that upon all the evidence the title in question was shown to be good and merchantable, did not in fact determine or dispose of the real issue in the case as to whether the seller, in addition to showing a title which was in fact good and merchantable, had furnished an abstract reflecting such title; that is to say, whether she had shown a good and merchantable title of record.
The distinction between "a good and merchantable title" and "a good and merchantable title of record" has been repeatedly recognized in our cases. As pointed out in Allen v. Bowman, 152 Fla. 325, 10 So.2d 905, when a seller agrees to furnish the buyer an abstract showing good and marketable title, he agrees to show by that abstract a good and marketable record title as distinguished from one that might be good in point of fact but dependent in material respects upon matters in pais to support its validity. DeHuy v. Osborne, 96 Fla. 435, 118 So. 161. See also Adams v. Whittle, 101 Fla. 705, 135 So. 152; Barclay v. Bank of Osceola County, 82 Fla. 72, 89 So. 357. From this it must be plain that the established test for determining whether or not an abstract reflects a good and marketable title of record, is whether the abstract shows affirmatively that the vendor has a marketable title of record "free from reasonable doubt in law and fact as to its validity." Shriner v. Fountain, 157 Fla. 698, 26 So.2d 809, 811.
In the instant case no attempt was made by the seller to have the abstract reflect *855 any of the antecedent proceedings upon which the tax deed was based, and we do not decide whether or not such proceedings would have shown a valid title in the seller, if they had been included. What we do decide is that in view of the insecurity attached to a bare tax deed, an abstract reflecting title based solely upon the issuance of such deed, without a showing in the abstract of all prior procedural steps on which it is based, is not an abstract showing good and merchantable title of record, for the reason that such an abstract does not show a record title "free from reasonable doubt in law and fact as to its validity." Shriner v. Fountain, supra. See Wells v. Thomas, Fla., 1955, 78 So.2d 378; Saddler v. Smith, 54 Fla. 671, 45 So. 718; Susman v. Pockrus, Fla., 40 So.2d 223; Cremin v. Quigley, 104 Fla. 133, 139 So. 383; McKeown v. Collins, 38 Fla. 276, 21 So. 103; Carncross v. Lykes, 22 Fla. 587. 5 Am.Jur., Vendor & Purchaser, Sec. 224, p. 683.
In an attempt to bolster her position that she had furnished an abstract in full compliance with the terms of the contract, the seller, after she had furnished the abstract to the buyers, had placed of public record the affidavits of four persons showing that the seller and her predecessors in title had been in the actual possession and occupancy of the property in question for longer than the statutory period of limitations under a tax deed valid on its face. Section 196.06, Florida Statutes 1953, F.S.A. In the last analysis, however, these instruments were nothing more than evidence tending to prove a matter in pais, and the fact that they were admitted to record did not change their character as such evidence. Therefore, even if it be assumed that the affidavits were entitled to record, cf. Stewart Bros. v. Ransom, 204 Ala. 589, 87 So. 89, to the contrary, and that they were incorporated in the abstract at the time it was delivered to the buyers, it is nevertheless certain that to whatever extent the seller relied upon the statements in the affidavits to sustain or bolster her title, she brought herself within the settled rule of the cases which hold that "A contract for the sale of land, requiring the vendors to furnish an `abstract showing good and merchantable title to the property' in the vendors, is not complied with by the tender of a title resting partly upon record evidence, but also depending in material respect upon matters in pais, such as adverse possession." DeHuy v. Osborne, supra, syll. note one by the Court. Accord Barclay v. Bank of Osceola County, supra.
Having reached the conclusion that the seller failed to perform the terms of her contract, we are of opinion that the buyers were entitled to be relieved of the contract and to recover the earnest money paid by them to the seller at the time of the signing of the contract, under the decided cases and the plain terms of the contract itself concerning refund in event of failure or inability to convey title as agreed. McClosky v. Johnston, Fla., 54 So.2d 517; Paradis v. Second Ave. Used Car Co., Fla., 61 So.2d 919.
As to the recovery for improvements allegedly made by the buyers the record shows that by the terms of the contract between the parties the buyers were let into possession of the property at the time the contract was executed. It was while they were in lawful possession under the contract that it is claimed by them that improvements were made in good faith and that the improvements made enhanced the value of the property. Because of the conclusion reached by the trial court, that the buyers were not entitled to prevail, no finding in respect to improvements by the buyers was made by the trial court, other than that they had been made by defaulting purchasers at their own risk and that recovery for their value should be disallowed.
Under our view of the case, the extent of the improvements to the property, and the amounts the purchasers should recover for the improvements made or expenses incurred, becomes a material issue for determination and adjudication. In respect to this issue, the general rule is that "if the failure to complete the purchase is due to the fault of the vendor the purchaser will be allowed compensation for his improvements made upon the property in reliance *856 upon the contract, at least to the extent that such improvements increased the value of the property," offset by the value of any benefits by way of rental value, etc., accruing to the benefit of purchasers. 55 Am. Jur., Vendor and Purchaser, Sec. 612. Accord as to imposition of equitable lien where purchaser "innocently and in good faith, through mistake as to the true condition of title made improvements or repairs on [vendor's] lands that permanently increased their value." International Realty Associates, Inc., v. McAdoo, 87 Fla. 1, 99 So. 117, 120; Jones v. Carpenter, 90 Fla. 407, 106 So. 127, 43 A.L.R. 1409. And as to the issue of special damages or expenses necessarily incurred in good faith by the buyers see 55 Am.Jur., supra, p. 958. Kleinberg v. Ratett, 252 N.Y. 236, 169 N.E. 289; Elterman v. Hyman, 192 N.Y. 113, 84 N.E. 937; Boston v. DeJarnette, 153 Va. 591, 151 S.E. 146.
From the conclusions we have reached it follows that the decree appealed from should be reversed for further proceedings in accordance with this opinion.
It is so ordered.
THOMAS, HOBSON and DREW, JJ., concur.
MATHEWS, C.J., and TERRELL and ROBERTS, JJ., dissent.