QUESTION: Is a corporation entitled to a tax deed surplus by virtue of the fact that certain property sold for taxes was assessed in the name of the corporation and the corporation paid ad valorem taxes thereon for more than 30 years?
SUMMARY: To establish entitlement to tax deed sale surplus proceeds under s. 197.291, F.S., the claimant must be able to show legal title of record free from reasonable doubt in law and fact. Claim of ownership and title to property sold for taxes at a tax deed sale based upon adverse possession, not founded upon a decree or judgment of a competent court recorded among the official records of the county in which the land is located, does not satisfy the requirement of holding record title under the statute. Payment of taxes by the claimant or the assessment of the property on the tax roll in the name of the claimant does not establish record title in such person within the purview of s. 197.291. Your letter indicates that a utility corporation is seeking a surplus which resulted from an overbid at a tax deed sale. See s. 197.291, F.S. I have before me a copy of an opinion as to the ownership of the land in question and entitlement to the tax deed sale surplus prepared for the utility. The opinion was appended to your letter. It traces some of the history of the title to the property in question, and the facts which follow are derived therefrom. In 1910 one R. H. VanBrackle and others executed and delivered to the utility corporation a flooding rights easement. The document was duly recorded. In 1925 one Laura Ross, joined by her husband, W. H. Ross, executed and delivered a document to the utility corporation. This document, also recorded, was captioned as a quitclaim deed. However, certain language in the instrument indicates that the right granted by the instrument was "to overflow the lands of the grantor as hereinbefore specifically described. . ." and it may be considered or found to have been a conveyance only of a flowage or flooding right easement rather than a conveyance of title to the grantor's lands. In 1965, the corporation assigned its flooding rights easements in the property to the State of Florida. From 1933 to 1965 the property was assessed in the name of the utility corporation and the corporation paid the assessed taxes. Apparently, the property was not assessed on the tax rolls for the 1966 through 1968 tax years. In 1969 the property was assessed as "Owner unknown." The 1969 taxes were not paid and ultimately a tax deed sale ensued which gave rise to the disputed overbid. Given the uncertainty surrounding the nature and extent of the interests in the land transferred by the aforementioned "quitclaim deed" from Laura Ross, I must assume for the purposes of this opinion that the utility corporation does not hold unambiguous legal record title under that instrument. The recorded documents on their face would not appear to evidence legal title "free from reasonable doubt in law and fact." Shriner v. Fountain, 26 So.2d 809, 811 (Fla. 1946). In the final analysis, this is a mixed question of fact and law that only the judiciary may resolve. Section 197.291, supra, provides that in the event of an overbid at a tax deed sale, any surplus remaining after all governmental liens of record are satisfied shall be paid on demand "to the legal titleholder of record." The opinion enclosed with your letter suggests that the utility corporation is the legal owner of the property by reason of adverse possession under color of title of the aforementioned quitclaim deed from Laura Ross and is therefore entitled to the tax deed surplus. See s. 95.16, F.S. It may be that the corporation can establish in appropriate proceedings in a competent court that it is indeed the legal owner of the property on all the evidence — both evidence in the record and extrinsic to it — but this is a judicial question for determination by the courts and one that I am not empowered to resolve. However, I must state that I do not regard a claim of title by adverse possession, not founded upon a decree or judgment of a competent court, as sufficient to entitle the corporation to the surplus under the terms of s. 197.291, supra. Section 197.291 directs the clerk of the court to pay any surplus to the legal titleholder of record. The law on this point clearly draws a distinction between sound title and sound record title. See, e.g., Alexander v. Cleveland,79 So.2d 852 (Fla. 1955); De Huy v. Osborne, 118 So. 161 (Fla. 1928); Barclay v. Bank of Osceola County, 89 So. 357 (Fla. 1921). When a purchaser of realty conditions his purchase upon the demonstration of record title, title in the seller free of reasonable doubt must be demonstrable from the record title alone without reference to extrinsic matters. A claim of title by adverse possession does not satisfy the requirement of record title. Id. Section 197.291 places the same burden on the claimant of a tax deed surplus. The rule is grounded on sound reason and operates to prevent the clerk from becoming embroiled in possible title disputes. The fact that a person or corporation has paid taxes on the property or has had the property assessed in his name does not improve the state of record title. See AGO 072-95, and cf., AGO 070-126, holding that a property owner does not lose his title when property is returned by, and assessed on the tax roll in the name of, another and that the assessment of land for taxes in no way operates as a conveyance of title to the property. Therefore, until such time as it may be judicially established that the claimant of the tax deed sale surplus proceeds is the owner of the legal title to the land in question and the decree or judgment is made a matter of public record in the official records of the county, I am of the opinion that the corporation is not entitled to the tax deed sale surplus proceeds.