317 So.2d 470 (1975)
B.F. BOULWARE and Audrey Boulware, Appellants,
v.
Irene D. MAYFIELD et al., Appellees.
No. W-34.
District Court of Appeal of Florida, First District.
August 27, 1975.
*471 Anderson E. Hatfield, III, Gainesville, for appellants.
John H. Haswell, of Chandler, O'Neal, Avera, Gray, Lang & Stripling, Gainesville, for appellees.
RAWLS, Judge.
Appellants, B.F. Boulware and Audrey Boulware, filed suit to cancel a mortgage alleging in Count I of their Complaint that it had been fully satisfied. By Count II of their Complaint, the Boulwares alleged that appellee, Irene D. Mayfield, by execution of a warranty deed to them, breached her covenant against encumbrances and demanded damages (attorney's fees and costs) against her for prosecution of this action to cancel the "outstanding mortgage". The trial court entered a judgment in favor of appellants as to the allegations in Count I and cancelled the mortgage of record, and in favor of appellee Mayfield denying any damages for an alleged breach of covenant against encumbrances.
The point on appeal which is dispositive of this casue is:
"Whether the trial court erred as a matter of law in ruling that a mortgage, unsatisfied of public record, even though paid, is not an encumbrance within the covenant against encumbrances in a Florida statutory warranty deed."[1]
*472 Appellants' cause of action arose solely out of the statutory warranty deed executed to them by Mrs. Mayfield. Florida Statute 689.03 provides, inter alia:
"... a conveyance executed substantially in the foregoing form shall be held to be a warranty deed with full common law covenants and shall just as effectively bind the grantor, and his heirs, as if said covenants were specifically set out therein."
It is elementary that one of the common law covenants is the covenant against encumbrances.[2] Rawle,[3] in quoting 2 Greenleaf's Evidence, § 242, defines an encumbrance as "`every right to or interest in the land, which may subsist in third persons, to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance.'" Tiffany[4] describes the covenant against encumbrances as one for indemnity only and the covenant as being broken when there is an outstanding encumbrance. Of interest is Tiffany's discussion of a breach of the common law covenant of warranty or that for quiet enjoyment where he states: "The existence of an invalid and unenforceable claim is not a breach, even though it constitutes a cloud on title."[5]
The nexus of appellants' complaint is that the common law covenant against encumbrances warrants to the purchaser a record title even though such record encumbrance is invalid and unenforceable. Although this is apparently a question of first impression in this jurisdiction, we conclude that the answer is a positive NO.
The authorities are unanimous that a breach of the common law covenant against encumbrances occurs "... if an encumbrance on the land then exists."[6] Appellants cite the following statement from Gore, supra, in support of their position:
"An encumbrance within the covenant against encumbrances is every right to or interest in land, which may subsist in a third party, to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance."
The fallacy of appellants' position is that they have not proved a "right" or "interest" in land which may subsist in a third party; but to the contrary, they have proved that a third party does not have an encumbrance against their land. Having proved that no encumbrance existed, appellants had no cause of action for breach of an encumbrance.[7] Record titles were unknown in common law. In short, appellants' complaint is lodged because of a cloud on the record title, not that the grantor has breached her common law covenant against encumbrances. The distinction between an encumbrance and a cloud on a title for property has been delineated for many years. To be a cloud upon a record title, the claim may be invalid, while only lawful or valid claims violate the covenants as to encumbrances.[8]
The judgment appealed is affirmed.
*473 McCORD, J., concurs.
BOYER, C.J., concurs specially.
BOYER, Chief Judge (concurring specially).
While recognizing that the law is as stated in the majority opinion, I think it important to emphasize what the decision in this case does not involve. To do so we must first consider what it does involve. The decision does involve the old common law covenant against encumbrances. As noted in the majority opinion, the common law covenant against encumbrances is only breached where the encumbrance is valid and enforceable. An invalid claim, even though it is upon the record, is not an "encumbrance" for purposes of the covenant against encumbrances. (See Thompson on Property, Sections 3183, 3187 and American Law of Property, Volume III, Section 12.128) Inasmuch as a paid mortgage that is unsatisfied of public record comes within the category of invalid and unenforceable claims, such a mortgage can not be said to constitute a breach of the covenant against encumbrances. (See 5 A.L.R. 1084 and 20 Am.Jur.2d, "Covenants, Conditions, etc.", Section 85)
However, an entirely different situation would be created should the issue be whether the seller of real property has breached an agreement to provide the buyer with an abstract of title showing good and marketable (merchantable) title. Such an agreement is breached when the abstract fails to show "a good and marketable record title as distinguished from one that might be good in point of fact but dependent in material respect upon matters in pais to support its validity." (Alexander v. Cleveland, Sup.Ct.Fla. 1955, 79 So.2d 852, 854; see also Allen v. Bowman, Sup.Ct. Fla. 1943, 152 Fla. 325, 10 So.2d 905) Thus, had this case involved a suit for specific performance by the seller in which the buyer asserted as a defense that the buyer had failed to show good and marketable title, or had the buyer initiated a suit for breach of contract to convey marketable title, an entirely different result would have been likely. However, as this case only involved an alleged breach against the covenant against encumbrances, the decision of the lower court must be affirmed.
NOTES
[1] The instant deed is in the statutory form.
[2] Van Ness v. Royal Phosphate Co., 60 Fla. 284, 53 So. 381 (1910); and Coral Gables v. Payne, 94 F.2d 593 (4th Cir.1938). Also see 7 Miami Law Quarterly 378-384 (1952).
[3] Rawle on Covenants for Title 94-95 (4th ed. 1873).
[4] 4 Tiffany Real Property § 1018, at 303 (3rd ed. 1975).
[5] Id. § 1013. See also R.J. Dinnebeil, Inc. v. Braun, 127 N.J.L. 455, 23 A.2d 286 (1942).
[6] Gore v. General Properties Corp., 149 Fla. 690, 6 So.2d 837 (1942), citing 7 Thompson on Real Property 212 (Permanent ed. ____).
[7] Not in issue is a claim for breach of contract to convey marketable title, nor breach of contract for the existence of "clouds on title".
[8] Palmeri v. Allen, 30 Conn.Sup. 56, 299 A.2d 552 (1972).