POLEN, Judge.
Margate Investment Corporation (Mar-gate), plaintiff below, appeals from a summary judgment entered in favor of Coventry House, one of the defendants below. Mar-gate purchased certain real property from Coventry House in 1981. In 1989, Margate brought suit against Coventry House and others, claiming that Coventry House breached its warranty against encumbrances, because it failed to pay real estate taxes for 1980 which were not assessed until 1985. The trial court found that Coventry House did not breach the warranty against encumbrances that Coventry House made in 1981, at the time of closing.[1] As a result, the court held that Coventry House was not hable to reimburse Margate for 1980 real estate taxes that Broward County assessed in 1985, which Margate paid in 1989 after Coventry House’s refusal to do so. We affirm. See § 197.- *144 056(1), Fla.Stat. (1981)[2]; Boulware v. May-field, 317 So.2d 470 (Fla. 1st DCA 1975); Gore v. General Properties, 149 Fla. 690, 6 So .2d 837 (1942).
.Nobody disputes in this ease that at the time they closed, both parties had at least constructive notice that the 1980 tax roll was issued on a provisional basis. However, no one could do more than speculate that there would be additional taxes assessed years later.[3] Taxes cannot become due, and cannot give rise to a lien or encumbrance on real property, until they are assessed. What does not encumber the property at the time the warranty is made and the deed delivered, cannot give rise to a breach of that warranty. § 197.056(1), Fla.Stat. (1981); Boulware; Gore.
In the way of supporting authority for its position, appellant provided this court with a copy of a published decision of the Broward County Court, which is on point.[4] That decision, however, is not binding or controlling on this district court of appeal. See generally Hoffman v. Jones, 280 So.2d 431 (Fla.1973); State v. Hayes, 333 So.2d 51 (Fla.4th DCA 1976). Accordingly, the summary judgment is affirmed.
GLICKSTEIN and WARNER, JJ., concur.

. The deed that Coventry House conveyed to Margate provided in pertinent part:
This conveyance is subject to covenants, conditions, restrictions, limitations and easements of .record, zoning and other governmental records, taxes and easements for 1981 and subsequent years, and a purchase money mortgage.

.Section 197.056(1), Florida Statutes (1981) provides, in pertinent part:
All taxes imposed pursuant to State constitution and laws of this state shall be a first lien, superior to all other liens, on any property against which the taxes had been assessed and shall continue in full force from January 1st of the year the taxes were levied until discharged by payment or until barred by Chapter 95. (Emphasis added.)

. The tax reconciliation that led to the 1985 real estate tax assessment affected all of Broward County and occurred as a result of two decisions. See Department of Revenue v. Markham, 426 So.2d 555 (Fla.4th DCA 1982), and Department of Revenue v. Johnston, 442 So.2d 950 (Fla.1983).

. Blaker v. Dusenberry, 22 Fla.Supp. 75 (Fla.Bro-ward Cty.Ct.1986).