258 So.2d 322 (1972)
POINT EAST MANAGEMENT CORPORATION, a Florida Corporation, Appellant,
v.
POINT EAST ONE CONDOMINIUM CORPORATION, Inc., et al., Appellees.
POINT EAST ONE CONDOMINIUM CORPORATION, Inc., et al., Appellants,
v.
POINT EAST MANAGEMENT CORPORATION, a Florida Corporation, Appellees.
POINT EAST ONE CONDOMINIUM CORPORATION, Inc., et al., Appellants,
v.
Leonard SCHREIBER et al., Appellees.
Nos. 70-938, 70-948, 70-1043 and 70-949.
District Court of Appeal of Florida, Third District.
February 8, 1972.
Rehearing Denied March 8, 1972.
*323 McCarthy, Steel, Hector & Davis, Miami, for Point East Management Corp. and Schreiber, Pearl, Gesundheit and Gordon.
Frates, Floyd, Pearson & Stewart and Gerald F. Richman, Miami, for Point East One Condominium Corp.
Before SWANN, C.J., and CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
These appeals grew out of three actions which were consolidated in the trial court, and upon which a single judgment was entered. The individual defendants owned certain property upon which they created or developed a condominium complex, for which four separate declarations of condominium were made, resulting in the formation of four condominium associations, each covering a certain number of the buildings involved and the land upon which such buildings were situated.
Prior to sale of the condominium housing units to the respective purchasers thereof, and while the developers owned and controlled the associations and also a corporation which had been formed to act as a management corporation therefor, they caused long term contracts to be made between the associations and the management corporation for the management of the former by the latter. Also, the individuals as the owners of certain adjacent land made a 99-year lease thereof to the associations for use as a common element for facilities (auditorium, recreational, etc.).
In one action the associations sued the management corporation seeking cancellation of the management contracts because of alleged breaches of contract; damages for breach of contract; an accounting; and a determination that the management contracts were void because against public policy and for failure to conform to the requirements for such contracts as provided for in the Condominium Act (Chapter 711 Fla. Stat., F.S.A.).
In a second action the associations sued the four individual developers seeking damages for alleged fraud and breach of *324 fiduciary duties. The third action was by the associations against the four individual defendants, for cancellation of the above mentioned lease, of which said defendants were the lessors.
Upon final hearing the trial court rejected the claims of the plaintiffs for an accounting from the management corporation and for rescission of the management contracts for breach of contract, but held that the management contracts were invalid on the ground that they failed to comply with certain material statutory requirements therefor and contained provisions contrary to the direction and intent of the statute. The trial court dismissed the counts by which the plaintiffs sought damages against the individual defendants, and denied the claim of the plaintiffs for cancellation of the above mentioned lease.
The appeal filed by the defendants challenges the ruling of the trial court invalidating the management contracts. The appeals by the plaintiffs seek reversal of the provisions of the judgment by which the court refused to require an accounting by the management corporation, denied the claims for damages, and denied the prayer for rescission of the lease.
In holding the four similar management contracts were invalid, the trial court stated:
"The Condominium Act clearly requires control of the Administration and management of a Condominium Association to remain with the Condominium Association itself. Under the Act the Association is specifically designated as being the entity responsible for the operation of a condominium which is further defined to mean and include `administration and management of the condominium property.' Sections 711.12(1), 711.03(12), Florida Statutes.
"The Management Agreements in this case, considered in light of their specific provisions and the length of their terms, completely and effectively delegate and abdicate the responsibility and control of the plaintiff, Condominium Associations to the defendant. This delegation and abdication of responsibility and control exceeds the bounds of statutory authority and defeats the purposes of the Condominium Act.
"While these Management Agreements are not contrary to public policy, they are clearly in violation of the intent, purposes, and authority of the Condominium Act and are, therefore, unlawful and void."
We hold that the appeal of the defendants from the judgment of the trial court invalidating the four management contracts is without merit, and the judgment is affirmed in that regard.
In § 711.03 Fla. Stat., F.S.A., dealing with definitions, subsection (2) provides: "Association means the entity responsible for the operation of a condominium." Subsection (12) states: "Operation, or operation of the condominium, means and includes the administration and management of the condominium property."
Section 711.12 contains a number of paragraphs dealing with "The association." Subsection (1) thereof provides: "The operation of the condominium shall be by the association, the name of which shall be stated in the declaration." Upon inspection of the management contracts involved here we agree with the conclusion reached by the trial court that the controls and management which the statute provided should be in the condominium associations were divested from them by said contracts. The brief of the appellee-plaintiff enumerates features of control and management which thus were placed beyond the grasp of the associations, and which revealed the practical (monetary) losses occasioned thereby to the unit owners, as well as the legally improper results which flowed therefrom. While those matters serve to emphasize the correctness of the ruling of the trial court relating to the management contracts, we observe no need to detail *325 them since we are of the view, as was the trial court, that a contract made or caused to be made by the original owners or developers of a condominium between the condominium association and a manager or management corporation, which operates to divest from the association in a material or substantial degree the power and privilege granted it by the statute to operate the condominium, is invalid, and not binding upon the association as subsequently owned and officered by those who purchase units therein.
The determinative question ruled on by the trial court here, and which formed the basis of the decision as to invalidity of the management contracts in this case, was not directly considered or passed upon in earlier cases cited and relied on by the appellant, Fountainview Association, Inc. v. Bell, Fla.App. 1967, 203 So.2d 657 (cert. discharged, Fla., 214 So.2d 609); and Riviera Condominium Apartments v. Weinberger, Fla.App. 1970, 231 So.2d 850.
In denying the claim of the plaintiffs for accounting by the defendant management corporation, the judgment stated:
"The Court finds for the defendant and against plaintiffs on the claims involved in this Count. The evidence establishes no misuse, misappropriation or improper expenditure of any funds by the defendant. All the disputed items either have been paid by the defendant or constitute proper maintenance or management charges and the utilization of assessments for such purposes does not constitute any breach or violation of the Management Agreement. This decision shall not affect any right which individual condominium owners may have concerning the four-months' deposit paid at the time of closing to the condominium developer, but shall be binding only upon the plaintiffs as to the matters set forth in said Count."
The plaintiff-appellants contend the ruling of the trial court that basis for ordering an accounting was not shown, was contrary to the weight of the evidence. With that contention we cannot agree. The trial court was the trier of the facts. The ruling was made upon consideration of the evidence relating to the subject, and the findings of the trial court in that regard are not without support in the evidence. The decision of the court thereon carries a presumption of its correctness, particularly when so based. We affirm that ruling of the trial court. On a similar basis we affirm the holding of the trial court which denied the relief sought by the plaintiffs in the form of damages against the individual defendants.
Regarding the lease or leases made by the developers to the associations, it is to be noted that under § 711.03 Fla. Stat., F.S.A., dealing with definitions, subsection (4) provides: "Common elements means the portions of the condominium property not included in the units." Section 711.121 permits a condominium association to enter into leases for lands for various recreational facilities "whether or not contiguous to the lands of the condominium, intended to provide for the enjoyment, recreation or other use or benefit of the unit owners." In dealing with the question of the validity of the above described lease of property and facilities to be used as a common element of the condominium associations, the judgment of the trial court outlined the grounds upon which the plaintiffs contended the lease should be declared invalid, and in rejecting the relief sought, stated:
"The Court finds for defendants and against the plaintiffs on the claims involved in this Count. The evidence establishes that the Community Facility Leases are valid and binding by virtue of estoppel; that the defendants made full disclosure concerning the facilities described therein, and that the plaintiffs and their respective members had appropriate knowledge and information concerning the facilities at the times of purchase of the condominium units, and the Community Facility Leases were duly ratified and confirmed."
*326 While the lease in question contains provisions which appear to be of a kind that might be expected to motivate a court of equity to grant relief therefrom to the associations upon which the lease was thus imposed, we affirm the ruling of the trial court with relation to the lease, on the grounds stated in the judgment as above quoted. See Wechsler v. Goldman, Fla. App. 1968, 214 So.2d 741.
For the reasons stated the judgment is affirmed.
SWANN, Chief Judge (concurring specially).
I concur in the affirmance of the ruling of the trial judge that these specific management agreements "considered in light of their specific provisions and the length of their terms" are unlawful and void. My concurrence is based on the terms of these specific agreements and the actions and results which they generated.
I would not, and this opinion does not, hold that all management contracts entered into by condominium associations are unlawful or void.