William R. SMITH, for himself and for the use and behalf of Hotel Kingmeyer Properties, Inc., an Ohio Corporation, and Your Host, Inc., Plaintiff-Appellee, Cross-Appellant,

v.

AMERICAN MOTOR INNS OF FLORI-DA, INC., Defendant-Appellant, Cross-Appellee.

No. 75–1852.

United States Court of Appeals, Fifth Circuit.

Sept. 15, 1976.

Robert Orseck, Robert L. Parks, Miami, Fla., for defendant-appellant.

Wm. C. Cramer, Miami, Fla., F. Lawrence Matthews, Fort Lauderdale, Fla., for plaintiff-appellee.

Before DYER, SIMPSON and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Both parties to what was substantially an accounting action resulting from a rescinded contract for the sale of a Fort Lauderdale motel appeal certain items in the accounting. We affirm the district court's accounting in all respects except for failure to charge the purported purchaser for use and occupancy of the motel while he operated it for his own account. Differing with the district court as to the Florida law on this point, we hold a seller to be entitled to credit for the possessory value of a motel property against a purchaser in possession in an accounting action resulting from a rescinded contract. In *Gentry v. Smith*, 487 F.2d 571 (5th Cir. 1973), we upheld a district court's finding that the stock sales contract between William R. Smith, the purported purchaser of a Fort Lauderdale motel, and the two sellers of stock in American Motor Inns of Florida had been mutually rescinded. We remanded for a complete accounting whereby all parties to the contract, including American, would be restored to their precontract position. Subsequently, the district court consolidated the remanded suit brought by sellers with a second action brought by purchaser Smith against both the sellers and the corporation.

The sellers of the stock are not actually parties to this appeal. The accounting is really between American, their corporation that owns the motel, and the purchaser Smith, who operated the corporation's property for his own risk and profit for six and one-half months.

American contends *first*, it should have been charged for only the depreciated value of improvements made during Smith's possession, not their cost; *second*, it is entitled to credit for a fee for use and occupation of the property while Smith was operating it for his own account; and *third*, it should not have been charged for mortgage and land-lease payments made by Smith, which should be treated as an operating expense.

Smith, on the other hand, seeks *first*, an increase in the judgment in his favor in an amount of $17,500 to cover a land-lease payment he claims he paid but never received credit for; and *second*, credit for $25,000 in franchise fees which he alleges were twice charged against him.

The sales agreement was reached on September 12, 1969, and for a period of six and one-half months thereafter Smith took possession of and operated the motel. Difficulties with the air conditioning system of the hotel, followed by the sellers' repossession of the motel, resulted in rescission of the contract. *See Gentry v. Smith, supra.* Upon remand, the district court held that plaintiff Smith operated the motel at his own risk of profit and loss during the six-and-one-half-month period, a finding not challenged on appeal. Thereupon, the court rendered a judgment that, in effect, charged plaintiff with operating expenses and credited him with income and with payments that benefited American called betterments and improvements. Judgment was entered in favor of Smith for $84,988.99. We need not concern ourselves with the uncontested details of this accounting.

Under the law of Florida, the forum state in this diversity action, an

accounting is a factual determination for the trial court. *Point East Management Corp. v. Point East One Condominium Corp.*, 258 So.2d 322, 325 (3d D.C.A.Fla. 1972), *aff'd in part and quashed in part*, 282 So.2d 628 (Fla.1973), *modified*, 284 So.2d 233 (Fla.1973), *cert. denied*, 415 U.S. 921, 94 S.Ct. 1421, 39 L.Ed.2d 476 (1974). In establishing credits during an accounting, the burden of proof is on the proponent of each credit. *Pallma v. Fox*, 182 F.2d 895, 900 (2d Cir. 1950); 1 C.J.S. *Accounting* § 39b, at p. 679 (1936).

▪ Conceding that Smith should receive credit for improvements to the motel property, American contends that the district court erred in using a cost basis rather than value. Having itself put on no evidence of the value of the improvements, American argues that Smith failed to carry his burden of proof to establish the credit due him because he gave evidence only of cost, not of value, when he was entitled only to the value of the improvements. Assuming, without deciding, that Smith was entitled only to actual value under Florida law, *Glinski v. Zawadski*, 8 Fla. 405, 410 (1859); *see also Chabot v. Winter Park Co.*, 34 Fla. 258, 15 So. 756, 759 (1894); *Alexander v. Cleveland*, 79 So.2d 852, 856 (Fla.1955); *Arey v. Williams*, 81 So.2d 525 (Fla.1955); 42 C.J.S. *Improvements* § 11, at pp. 446–447 (1944), the district court in this case was justified in accepting the cost figures as the value, in the absence of any contradicting evidence. Because American reacquired the motel in such a short time after the improvements were made, and because no suggestion is found in the record that Smith had been improvident, cost figures could reflect actual value in the absence of any showing by American to the contrary.

▪ A contested issue at trial concerned whether the owner American was entitled to charge Smith the rental value of the motel during his six-and-one-half-month period of operation. The district court thought *Knox v. Spratt*, 19 Fla. 817 (1883), compelled a decision that Smith was not liable for the use and occupation value of the motel. In order to foreclose the necessity of a remand in the event "the Fifth Circuit would not agree with me," however, the district court prudently found the rental value to be $55,297.41. This finding based on expert testimony is calculated at twenty-five percent of the revenues for the period and is not clearly erroneous. Although the court in *Knox* denied the seller a credit for the purchaser's possession after the sales contract was rescinded because during the time of possession the purchaser was lawfully in possession as an owner and not as a tenant, this does not appear to be the present law of Florida. In the subsequent case of *Alexander v. Cleveland*, 79 So.2d 852 (Fla.1955), the Supreme Court of Florida held a contract to be rescinded and remanded the case with instructions for an accounting to restore the contracting parties to their economic positions prior to the incompleted performance, ruling that the purchaser in possession should be allowed compensation for his improvements "offset by the value of any benefits by way of rental value" accruing to his benefit. *Id.* at 855–856. *See Schultz v. Freeland*, 107 Fla. 286, 145 So. 257 (1932); *Chabot v. Winter Park Co., supra.*

In light of the district court's finding that the plaintiff occupied the motel for six and one-half months at his own risk of profit and loss, the equities of the case also favor a conclusion that he is responsible to account for a reasonable rental value during that time. The purpose of the remand from this Court was to put the parties in *status quo ante*, and the district court held that were it not for *Knox v. Spratt*, "in order to put the parties back in status quo, where they were, the plaintiff [American] would be entitled to rental in the amount of" $55,297.14. Based on Florida law and the equities of this case, we therefore hold that American is entitled to a reduction of $55,297.14 in the judgment rendered against it.

▪ Last, American asserts that Smith should not have received credit for the pay-

ments he made on the motel mortgage and land lease. American suggests that such payments should be treated as an operating expense or that the amounts should be equated with the use and occupancy value. Once Smith is charged for the full use and occupancy value of the motel property, however, the lease payments for the land and the mortgage payments for the building are properly expenses of the owner who is receiving the rental value. The rental of the land is subsumed in the total rental value of the motel property. To follow American's argument would require Smith to pay it twice. Likewise, the contention that the motel rental value should be based on the mortgage payments falls of its own force. Mortgage payments are variable in amount depending on the principal, the term of the mortgage and the rate of interest. American's theory would permit an increase in rent by merely raising the mortgage and shortening the term. To carry the suggestion to an extreme, if the motel were mortgaged for its full value on a one-year term, the annual rental value would equal the total value of the property. Obviously mortgage variance cannot completely control rental value. The fact that the district court partially attributed this motel's financial troubles to its being over-mortgaged emphasizes this point. The factual finding of use and occupancy value based on expert testimony of market value for such a short term is preferable for its accuracy. The district court fully considered and rejected American's argument and the testimony upon which it was based. The ruling of the district court in this regard was eminently correct.

On cross-appeal Smith challenges as clearly erroneous two items in the district court's accounting, a $17,500 land-lease payment for which Smith was not given credit, and two franchise payments totaling $25,000.

The argument concerning the $17,500 land-lease payment is difficult to comprehend, and we are not sure that Smith is in any position to contest it. We are sure, however, that neither the briefs nor the appendix reveal enough for us to decide the correctness of his position. No post-judgment motion was made to the trial court, so we have no district court confrontation of this issue. We note in the margin the colloquy at trial indicating satisfaction with the award of one land-lease payment, in the amount of $17,500, and an indication that Smith had already been paid from the corporation for the $17,500 not awarded to him.[1] In effect, the court, aware of two land-lease payments, apparently made a factual finding that Smith had already been reimbursed for one land-lease payment, and that he was entitled to credit for just one. Smith has not presented us with evidence to indicate that the court's finding was clearly erroneous.

The argument as to the two franchise payments totaling $25,000 focuses on the fact that they were paid out of Smith's

---

1. The Court: How about "P"? When I said mortgage payments, I meant to include the land lease payment, too.
   Mr. Matthews: That would be "O" and "P"?
   Mr. Parks: Both land lease payments?
   The Court: Is the defendant contending for both land lease payments?
   Mr. Matthews: In actuality, Your Honor, although *Knox vs. Spratt* makes me say yes, we are only really contending about the second year or the second half of the year there for six months but we paid land rent for a year, and although I definitely don't want to say anything that would be a waiver of our position under *Knox vs. Spratt* that is not entitling us to not have credit for, we have to pay any rent during this period of occupancy, that deep-down gut objection is having to pay for a whole year when Mr. Smith was only there for six months and paying two land lease payments. While I think the law, viable Florida precedent, says that we are entitled to credit for both, we definitely won't insist. We won't insist on both. It was particularly the second one that bothered us, second half of the year that bothered us. I don't think it would be equitable to be entitled to both.
   Mr. Parks: He got paid for it. Reimbursed out of the corporation for it. He personally paid it and got it back out of the account. Forgetting *Knox vs. Spratt*, he can't get paid twice for it. He is not out that $17,500.
   The Court: I will hold in favor of the defendant for the amounts set forth in "O" and one $17,500 payment in "P".

personal account, as was the contested land-lease payment, before he took possession of the motel. After he took possession and came into control of the corporation, he reimbursed himself for these amounts from the corporate bank account. Smith does not appear to contest the decision that these franchise fees are properly charged against him as an operating expense, but argues that crediting the corporation with the franchise fees requires him to pay twice. Again, the point does not appear to have been challenged at the time the trial judge rendered his findings, nor in a subsequent motion directly addressing the issue. Thus we have no direct response of the trial court to this argument. No legal principle is involved. The issue turns on a finding of fact. As cross-appellant, Smith has the burden of convincing us that the district court was clearly erroneous. He has failed to carry that burden. We have carefully reviewed the appendix, the briefs and the recorded tape of the oral argument and find no basis upon which we could upset this factfinding of the trial court.

The district court entered judgment in plaintiff Smith's favor in the amount of $84,988.99. We reduce this amount by $55,297.41, the value of use and occupancy as determined by the district court but not figured into its accounting. This results in an award of $29,691.58 in Smith's favor, and the judgment of the district court is hereby reduced to that amount.

AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.