Robert Orseck, Robert L. Parks, Miami, Fla., for appellant.

William R. SMITH, for himself and for the Use and Behalf of Hotel Kingmeyer Properties, Inc., an Ohio Corporation, and Your Host, Inc., Plaintiff-Appellee Cross Appellant,

F. Lawrence Matthews, Fort Lauderdale, Fla., for appellee.

v.

AMERICAN MOTOR INNS OF FLORI-DA, INC., Defendant-Appellant Cross Appellee.

No. 75–1852.

United States Court of Appeals, Fifth Circuit.

Jan. 3, 1977.

ON PETITION FOR REHEARING

(Opinion September 15, 1976, 5 Cir. 1976, 538 F.2d 1090).

Before DYER, SIMPSON and RONEY, Circuit Judges.

PER CURIAM:

In his petition for rehearing Smith asserts that he should have been given credit for the $17,500 land-lease payment made by him during the period of his occupancy. Because Smith was charged with the value of his use and occupancy of the motel as determined by the district court, he claims that in effect this Court has imposed upon him a total rent obligation of $72,797.14.

As we stated in our opinion, the rental value of the land is subsumed in the total rental value of the motel property. Therefore, once Smith has been charged for the full use and occupancy value of the motel property, the land-lease payments become property expenses of the owner who receives the rental value. *Smith v. American Motor Inns of Florida, Inc.,* 538 F.2d 1090, 1093 (5th Cir. 1976). From the colloquy at trial noted in the margin, *Id.* at 1093, n. 1, we were under the impression that Smith had already been reimbursed by American for his $17,500 payment, and thus was not entitled to be credited with this amount. Smith contends this is not the case. Be-

cause we cannot ascertain from the record on appeal the true status of this $17,500 payment, we remand to the district court for such a determination. If the district court finds that Smith has not been reimbursed by American for this land-lease payment, his award of $29,691.58 should be increased by $17,500.

The petition for rehearing is granted. The previous decision of this Court is modified by remanding the case to the district court for further proceedings in compliance with this opinion. We leave to the district court the decision as to whether the determination herein required should be made on the present record or whether additional evidence should be received. In all other respects, the prior opinion stands as the decision in this case.

AFFIRMED IN PART, REVERSED IN PART, REMANDED IN PART.