LETTS, Judge.
This appeal stems from a mortgage foreclosure, the final judgment holding, inter alia, that the foreclosure permanently extinguished and cancelled all rights and obligations under the attendant recreational lease, pertaining to the particular unit foreclosed.
We reverse in part.
The setting up of this condominium followed the now familiar pattern of a long term recorded recreational lease, followed by a recorded declaration of condominium and some seven months later, a recorded mortgage from Home Federal of Hollywood to the purchaser of the particular unit foreclosed.
The sequence of events reveals that the unit owner defaulted on his assessments owed to the condominium association, so the latter foreclosed its lien, pursuant to its right under the declaration, culminating in a certificate of title to the association for the unit. Apparently the mortgage to Home Federal of Hollywood was also in default and some time later the instant mortgage foreclosure proceedings were filed against the new title holder (the condominium association) and' also against the assignee of the named lessor in the long term recreational lease (City National Bank of Miami).
As already noted, the final judgment of foreclosure of this mortgage not only vested title to the property in Home Federal, but also declared the unit free and clear forever of any and all obligations under the recreation lease, including any future purchasers from Home Federal.
Home Federal, arguing in support of the trial judge’s holdings, points to the persuasive language of the long term lease (executed prior to the declaration of condominium) which sets forth:
“The Lessor acknowledges that the purchasers of individual Condominium Parcels in the Condominium Property may desire to purchase units with proceeds of a first mortgage loan to finance such purchase. In addition, Condominium Unit Owners may, from time to time, desire to refinance such mortgages, or place first mortgage loans upon their Units in order to aid in the resale of their Units or for the purpose of obtaining financing for their equity in the Units. Lessor covenants that its lien described in this paragraph shall be subordinate to the lien of such first mortgages providing that such first mortgage has been made *816 by a Unit Owner in respect to the purchase and acquisition of, or refinance of a Condominium Unit, provided, further, that such first mortgage is made with an institutional lender (herein defined as a national or state bank, insurance company authorized to do business , in the State of Florida, or a State or Federal savings and loan Association.) If requested, Lessor shall confirm such subordination in writing. The subordinated lien of the Lessor as herein provided shall cause the Lessor’s lien to be subordinate and secondary in position to any and all rights, claims or liens acquired by said institutional lender.”
The trial court was of the opinion that the above quoted language was conclusive as the following colloquy demonstrates:
“THE COURT: You know, with what has been introduced so far, the recreation lease is inferior to the first mortgage placed by the plaintiff here.
MR. RUMIN (Attorney for Association): I respectfully say it is not, Your Honor. The lien for unpaid recreational assessments up until the time of foreclosure would be subordinate, not the recreational lease per se. That is the issue.
MR. THOMPSON (Attorney for City National Bank): I agree with Mr. Rumin. THE COURT: I do not mind you reciting it, Counsel, if you have an inferior mortgage to a first mortgage, but the foreclosure of the first terminates the whole thing.
* * * * * *
THE COURT: In my 20 years of practice of law I’ve found anything subordinated is wiped out upon the subordination of the first mortgage.
MR. RUMIN: We do not dispute the lien is wiped out.
THE COURT: I say it is null and void hereafter.
MR. RUMIN: What, Your Honor?
THE COURT: The recreational lease, I think it is wiped out.”
However, we feel that there are other considerations more persuasive in this cause which dictate a contrary result which requires that Home Federal fare no better than all the other unit owners who are saddled with the burden of this recreational lease.
First of all, it is clear that the declaration, following the statutory power given under the then applicable Section 711.06(2), Florida Statutes (1973), made the recreation lease agreement a part of the common elements [See Sauls v. Crosby, 258 So.2d 326 (Fla. 1st DCA 1972)] by use of frequent statements to that effect, of which the following is but one example:
“14. Ownership of Common Elements,
(d) Recreational Facilities It is specifically declared that the common elements as described herein is the 99 year recreational lease agreement itself . . . and accordingly the land demised under said recreational lease and the improvements located thereon and the recreational facilities located therein are not a common element of this condominium.”[1]
The lease agreement being thus designated a part of the common elements, we must look at other pertinent language in the declaration, as follows:
“As to priority between the lien of a recorded mortgage and the lien for an assessment, the lien for assessment shall be subordinate and inferior to any recorded institutional first mortgage regardless of when said assessment was due, but not to any other mortgage. The Association shall maintain a register of institutional first mortgages and shall give such mortgagees notice in writing, of all notices given by the Association to the owner of such condominium parcel encumbered by such institutional first mortgage.
If the mortgagee of a first mortgage of record, or the Lessor of the 99-Year Recreational Lease, or any other purchaser or *817 purchasers of a condominium parcel obtains title to the condominium parcel as a result of the foreclosure of the first mortgage, or if any pledge held by the Lessor of the 99-Year Recreational Lease, or by voluntary conveyance in lieu of such foreclosure, such acquiror of title, his successors and assigns, shall not be liable for the share of common expenses or assessments by the Association pertaining to such condominium parcel which became due prior to the acquisition of title as a result of the foreclosure or voluntary conveyance in lieu of said foreclosure. Such unpaid shares of common expenses or assessments shall be deemed to be common expenses collectible from all of the owners of condominium parcels in the condominium, including such acquiror, his successors and assigns.”
This quotation [the latter paragraph of which tracks the language of the then applicable § 711.15(6)] makes it crystal clear that successors in title, by foreclosure or otherwise, remain liable for common expenses covering the common elements — prospectively, at least.[2]
Home Federal contends that the quoted provision may bind all the other unit owners, but that its position is unique and it is not liable, because of the competing subordination language in the lease, which was executed and recorded prior to the declaration. We disagree.
Home Federal was not a party to the lease agreement. True, it was not a party to the declaration either, but it examined and approved this latter document prior to making the mortgage and the very description used in said mortgage actually refers to the recorded declaration. In view of this, it would be palpably unfair, in a court of equity, to allow Home Federal to now ignore the declaration, which it previously approved without complaint, proceed contrary to it and withdraw altogether from an integral part of the common elements of the condominium. To permit such would operate to divest from the association in a material or substantial degree the power and privilege granted to it by the Statute to operate the condominium. See Point East Management Corporation v. Point East One Condominium Corporation, Inc., 258 So.2d 322, 325 (Fla. 3d DCA 1972). It would also permit of Home Federal, in effect, to partition the common elements, an action expressly forbidden by Section 711.05 of the then applicable statute. [This same restraint is now found in Section 718.107 Florida Statutes (1976)].
Accordingly, all portions of the judgment appealed from, which extinguished the recreation lease in favor of Home Federal, are reversed and the parties directed to proceed in accordance with the language of the declaration which tracks Section 711.15(6). In all other respects that judgment appealed from is affirmed.
REVERSED IN PART, AFFIRMED IN PART.
CROSS and MOORE, JJ., concur.

. We are not called upon to rule on the legality of this paragraph which is not the point on appeal.

. We would also draw attention to the then applicable § 711.15(1) which would also appear to bind Home Federal to “be liable for all assessments coming due while (it) is the owner of a unit.”