429 So.2d 1276 (1983)
NEW WORLD FASHIONS, INC., Appellant,
v.
Abbott LIEBERMAN D/B/a Fashion Boutiques, Appellees.
No. AD-136.
District Court of Appeal of Florida, First District.
April 5, 1983.
Rehearing Denied May 4, 1983.
Ronald W. Maxwell of Maxwell and Scott, P.A., Jacksonville, for appellant.
No appearance for appellee.
NIMMONS, Judge.
New World Fashions, Inc., appeals from the trial court's final judgment, entered after a non-jury trial, denying its claim for compensatory damages, punitive damages, injunctive relief and an accounting.[1]
New World is a Florida corporation engaged in the business of assisting persons interested in entering the retail clothing business. New World provides its clients with assistance in securing a store location, obtaining store fixtures, acquiring a clothing inventory and training in the operation of the store.
Effective August 8, 1978, Lieberman became a sales representative for New World pursuant to a written agreement which provided for a fee to be paid to Lieberman for each client produced by Lieberman. The agreement prohibited Lieberman from disclosing to anyone any of New World's trade secrets or other information to which he may have access during his association with New World and the agreement further provided that any New World sales material was to remain the sole property of New World. The agreement was terminable by either party upon one week written notice.
Lieberman continued to work for New World until its president, Mr. Berrier, informed Lieberman by letter dated March 30, 1979, that his employment had been terminated. Berrier did so, he asserted, because Lieberman was stealing New World's clients. While New World claimed there were several instances of such client piracy, it only attempted to prove one instance involving a Mrs. Kight of Panama City.
The undisputed facts show that on February 26, 1979, Mrs. Kight telephoned New World's offices in response to a newspaper advertisement placed by New World. The call was taken by Lieberman who informed Kight that he was going into business for himself soon in competition with New World and that he could sell her either his or New World's contract. On March 1 and March 10, 1979, Lieberman talked with Kight on three separate occasions and charged these calls to New World's business phone. On March 16, 1979, Kight and Lieberman *1277 entered into a contract providing for Lieberman's setting up a retail clothing store for Kight, the same services as would have been provided by New World.
Under the evidence presented, New World was entitled to an accounting for loss of profits as a consequence of Lieberman's breach of his duty to New World. An agent may not, without the principal's knowledge and consent, enter into any business in competition with his principal and keep for himself any profit accruing from such transaction. Singletary v. Mann, 157 Fla. 37, 24 So.2d 718, 723 (Fla. 1946); 2 Fla.Jur.2d, Agency, § 70. Of course, a principal and agent may have the kind of relationship which would contemplate the agent being authorized to engage in activities in competition with the principal's business. As stated in Restatement, Second, Agency § 393, Comment a:
There is no violation of the agent's duty if the principal understands that the agent is to compete; a course of dealing between the parties may indicate that this is understood. Likewise, an agent can properly act freely on his own account in matters not within the field of his agency and in matters in which his interests are not antagonistic to those of the principal... .
However, in the case sub judice, there was no understanding by New World that Lieberman would be competing with New World; nor was there any course of dealing between the parties which would suggest acquiescence by New World in any competitive dealings by Lieberman. The evidence shows that as soon as New World suspected such activity by Lieberman, their agreement was terminated.
Of course, absent agreement to the contrary, there is nothing to preclude an agent from competing with his principal after the termination of their relationship. Connelly v. Special Road & Bridge Dist., 99 Fla. 456, 126 So. 794 (1930). In fact, the agent is entitled to make arrangements to compete prior to the agency's termination and the agent has no duty to disclose such plans. However, he is not entitled to solicit customers for such rival business before the termination of the agency nor can he properly do other similar acts in direct competition with the principal's business. Restatement, Second, Agency, § 393, Comment e.
Contrary to the ruling by the trial court, we hold that New World was entitled to an accounting in equity for the profits realized by Lieberman from his transaction with Kight. Accounting is ordinarily a two-step proceeding, the first step being to determine the plaintiff's right to an accounting. The second is to determine the appropriate amount. The court may then enter a money judgment for such amount. 1 Fla. Jur.2d, Accounts and Accounting §§ 20, 27.
Inasmuch as Lieberman, at the time of trial, was no longer engaged in a business competitive with New World, the trial judge correctly denied the prayer for a permanent injunction. We have examined the remaining points asserted by appellant and find them to be without merit.
The final judgment is reversed and this cause is remanded for the entry of judgment against the appellee after further proceedings in the trial court to determine the amount of profits realized by appellee from the Kight transaction.
Reversed and remanded.
BOOTH and WIGGINTON, JJ., concur.
NOTES
[1] Appellee has not favored us with a brief.