PER CURIAM.
Technical Acoustics, Inc., (Acoustics) and Donald Bowers appeal the judgment entered in favor of plaintiff/appellee Enterprise National Bank of Jacksonville (Enterprise) after an equitable accounting. On appeal Acoustics and Bowers raise four issues: 1) whether the trial court abused its discretion by denying their motion for leave to file a counterclaim; 2) whether the trial court erred in denying their request for an involuntary dismissal of the equitable accounting action; 3) whether the trial court erred in the method used to arrive at the balance due; and 4) whether the trial court erred in disallowing certain expenses. We find no merit in issues one, two, and four. We reverse and remand, however, as to issue three.
When Acoustics sold its assets to TAI Industries, Inc. (TAI), Acoustics retained a security interest in the assets it sold, to secure payment of the balance of the purchase price. Thereafter, Enterprise lent $80,000 to TAJ and took a security interest in the same assets, mistakenly believing that its security interest was senior. In fact, Acoustics’ prior lien on the assets secured an unpaid balance of about $20,000 at the time Enterprise made the loan.
On TAI’s failure to pay the balance it owed, Acoustics repossessed the assets in which it had a security interest, including certain electronic devices, then assigned its security interest to appellant Bowers and his wife, Deborah D. Bowers. Proceeds from sales of electronic devices made after repossession were deposited in Mrs. Bowers’ per *597 sonal bank account, and later, in a new bank account Mr. Bowers opened at Enterprise under the name of TAI Systems, Inc. Eventually there was a public auction of what remained of the repossessed assets. Enterprise was given adequate notice of the auction, at which $3,500 was realized. Among the items sold at auction were most of the electronic devices Acoustics had repossessed.
The present proceedings began when Enterprise filed for foreclosure under its security agreement, naming TAI, Acoustics, Mr. Bowers, and others, as defendants. Enterprise alleged that Acoustics and Mr. Bowers had taken control of TAI’s assets wrongfully, had sold or otherwise disposed of some of them, and had received proceeds in excess of the amount secured by Acoustics’ senior lien. The bank asked for an accounting from TAI, Acoustics, and Mr. Bowers, and for a ruling that Acoustics had wrongfully liquidated the collateral.
At trial evidence came in as to revenues realized and expenses incurred in selling electronic devices after the repossession and before the auction. There was evidence of revenues of approximately $170,000 from sales and installation for which the trial court ruled Mr. Bowers had to account. But the market value, the evidence showed, depended to a great degree on the technical expertise of those who installed them.
Appellants put on evidence of expenses, including salaries for technical and marketing people, in excess of revenues, but the trial court apparently concluded that Mr. and Mrs. Bowers did not reasonably incur expenses in excess of revenues in selling the portion of the repossessed inventory they were able to sell before the auction. In addition, the trial court disallowed some of the expenses they claimed. Florida law places the burden of proof on the proponent of each credit, Smith v. American Motor Inns of Florida, Inc., 538 F.2d 1090 (5th. Cir.1976), and we approve the trial court’s conclusions as to the expenses disallowed.
The $45,778.75 final judgment entered in favor of Enterprise was approximately the sum of the expenses the trial court disallowed. From the trial court’s findings it was not clear, however, why Bowers’ outstanding senior lien was not recognized as the basis for a set-off against Enterprise’s claim. The seniority of the lien was never in dispute. While the $3,500 in auction proceeds reduced the size of the debt secured by the lien, there is no explanation for the apparent disallowance of the entire amount. We therefore reverse and remand with directions to reduce the judgment so as to give effect to the senior security interest or for specific findings as to why such credit should not be allowed.
Reversed and remanded.
BOOTH, WOLF and BENTON, JJ., concur.