982 So.2d 719 (2008)
Marshall R. CASSEDY, Jr., Appellant,
v.
ALLAND INVESTMENTS CORPORATION, a dissolved Florida Corporation, Paul M. Earnhart, and William K. Pinkerton, Appellees.
No. 1D07-2827.
District Court of Appeal of Florida, First District.
April 14, 2008.
Rehearing Denied June 2, 2008.
David P. Healy of the Law Offices of David Healy, Tallahassee, and Kenneth W. *720 Sukhia of Sukhia Law Group, Tallahassee, for Appellant.
Rick A. Savage and Ronald A. Mowrey, of Mowrey & Mitchell, P.A., Tallahassee, for Appellees.
BROWNING, C.J.
Appellant seeks review of an order entering final summary judgment for Appellees. For the reasons set forth below, we reverse the judgment.
Appellee Alland Investments Corporation (Alland) is a dissolved, for-profit Florida corporation formed to purchase and develop real property in Texas. Appellant invested $315,000 in this venture, but Alland never acquired the property; the contract to purchase the land was lost on approximately June 30, 1999. On June 29, 1999, Appellant requested a full accounting.
In response, Appellees wrote back on July 6, 1999, attaching a "single page accounting summary format," noting that certain expenses were not included in the "accounting summary," and stating, "[a] comprehensive accounting must be completed by year's end to include everything above . . . we have the rest of the year during which this task can be accomplished in detailed form." After more correspondence, Appellee Earnhart wrote to Appellant on August 18, 1999, asserting Appellant "has been in possession of the accounting summary since July 6, 1999," and refusing to send over "any and all paperwork in [his] possession that evidences attempts to purchase the property."
Appellant filed the instant complaint on June 15, 2006, and Appellees moved for summary judgment on the reasoning that the suit was barred by the statute of limitations because the cause of action accrued in 1999. The circuit court agreed with Appellees; however, we conclude this ruling was erroneous.
It is clear Appellant was owed a final accounting because, on a motion for summary judgment, the facts must be taken in the light most favorable to the non-movant (see Key v. Trattmann, 959 So.2d 339 (Fla. 1st DCA 2007)), and Appellant has alleged both that he did not receive a final accounting (and that the one-page summary was not a final accounting), and that Appellees Earnhart and Pinkerton owed him a fiduciary duty. As fiduciaries, Appellees were required to render a final accounting. See Ashemimry v. Ba Nafa, 778 So.2d 495, 498 (Fla. 5th DCA 2001).
It is also clear that the suit is subject to the statute of limitations. While Appellant is correct that this action is in equity, see Nayee v. Nayee, 705 So.2d 961 (Fla. 5th DCA 1998), Appellees are correct that the statute of limitations nonetheless applies because it has applied to both legal and equitable actions since 1974, see Chapter 74-382, section 7, Laws of Florida. So, the current action would be untimely if the cause of action arose in 1999, under either section 95.11(2)(b), Florida Statutes, which provides that a legal or equitable action on a written contract shall be commenced within five years, or section 95.11(3)(k), Florida Statutes, which provides that such an action on an unwritten contract shall be commenced within four years.
However, the limitations period did not begin to run in 1999 because there has been no repudiation of the duty to provide a final accounting. See Manchester Band of Pomo Indians, Inc. v. United States, 363 F.Supp. 1238, 1248-49 (N.D.Cal.1973), cited in Cobell v. Norton, 260 F.Supp.2d 98, 105 (D.D.C.2003).
Accordingly, we reverse the summary judgment, and remand for further proceedings below. This conclusion is supported *721 by Nayee, 705 So.2d at 965, wherein it was held that summary judgment was precluded by a fact question as to when the beneficiaries of a trust had knowledge of the trustee's repudiation of the trust or the adverse possession of the trust assets. The Nayee court noted that "[k]nowledge that no accounting had been rendered . . . is knowledge only of a breach of trust, and not of any repudiation or adverse possession of trust assets"; that is the case here, where Appellant only knew no accounting had been rendered, without knowledge of any repudiation.
REVERSED and REMANDED.
LEWIS and HAWKES, JJ., concur.