COHEN, J.
Dorothy Earlene Crusselle, Appellant, challenges the trial court’s order directing a verdict in favor of Appellee, Kenneth D. Mong, on her claims for breach of fiduciary duty and undue influence as well as denying her claim for punitive damages. Appellant’s claims stem from her attempt to recoup losses on an option to purchase riverfront property she gave Appellee. We reverse the directed verdict on Appellant’s claim for breach of fiduciary duty, but otherwise affirm.
Appellant met Appellee, a ReMax Realty agent, in 2002 when selling some property in Palatka. At that time, she had over $1 million in the bank and told Appel-lee about her financial situation. The two began to socialize in her home, after church, and for dinner. Over time, they became good friends. Appellee was then 48 and Appellant, age 81. She was widowed fifteen years earlier and was not close to her adult children. Appellee was kind to Appellant; she trusted him and considered him to be like a son. Appellee allegedly told her-that God had placed her in his path to help her. Appellee took an interest in Appellant’s finances and, in 2005, assisted her with the purchase and sale of an investment property on SR13. Even though Appellee was not a party to the transaction, he made an unusual agreement to purchase the property from Appellant if she was unable to sell it in five months, to pay her three and one-half percent interest on the $769,000 purchase price, and to reimburse her for any loss she incurred on its sale. Upon closing, Appellee waived his real estate commission and Appellant made a profit of $72,000 on the sale of the property.
At the same time, Appellee was negotiating to purchase the subject unimproved riverfront property for $1,125 million where he intended to build his dream home. Appellee told Appellant he would build her a cottage there. When his financing fell through, Appellee had to find an alternative source. Appellee asked to borrow the entire purchase price from Appellant and, after considering several options, Appellant decided to purchase it outright and give Appellee a right of first refusal and purchase option. Appellant purchased the property for $1,125 million cash and executed an option to purchase with right of first refusal in Appellee’s favor. In return, Appellee agreed to pay her $3600 per month for sixty months, pay all taxes and maintenance on the property, and construct a vehicle bridge to the property. Difficulties arose, the real estate market collapsed, and the relationship between them soured. After Appellee ceased making his monthly payments, Appellant filed this lawsuit.
Only one of Appellant’s issues merits discussion — whether the trial court erred in directing a verdict on her claim for breach of fiduciary duty. Viewing all the evidence and inferences in her favor, as the trial court must, a directed verdict may be granted only when no view of the evidence or inferences therefrom could support a verdict for the non-moving party. See Blizzard v. Appliance Direct, Inc., 16 So.3d 922, 925 (Fla. 5th DCA 2009). An order granting a directed verdict is reviewed de novo. Fell v. Carlin, 6 So.3d 119, 120 (Fla. 2d DCA 2009). “If there are conflicts in the evidence or if different reasonable inferences may be drawn from it, then the issue is a factual one that should be submitted to the jury and not be decided by the trial court as a matter of law.” Marriott Int’l, Inc. v. Perez-Melen *1181 dez, 855 So.2d 624, 628 (Fla. 5th DCA 2003).
The elements of a cause of action for breach of fiduciary duty are (1) the existence of a duty, (2) breach of that duty, and (3) damages flowing from the breach. Rocco v. Glenn, Rasmussen, Fogarty & Hooker, P.A., 32 So.3d 111, 116 n. 2 (Fla. 2d DCA 2009). Where, as here, there is not an express fiduciary relationship, one may be implied in law based on the “specific factual situation surrounding the transaction and the relationship of the parties.” Capital Bank v. MVB, Inc., 644 So.2d 515, 518 (Fla. 3d DCA 1994).
Appellant asserts that the existence of a fiduciary duty will be found to arise where one party induces the reliance of the other party. See id. Reliance is a critical element, and how it is evoked may be based on the particular factual circumstances surrounding the transaction. A fiduciary relationship exists when one is under a duty to act, or give advice, for the benefit of another upon matters within the scope of that relation. Doe v. Evans, 814 So.2d 370, 374 (Fla.2002). “An implied fiduciary relationship will lie when there is a degree of dependency on one side and an undertaking on the other side to protect and/or benefit the dependent party.” Masztal v. City of Miami, 971 So.2d 803, 809 (Fla. 3d DCA 2007). “A fiduciary relation may result from an offer of assistance where the nature of the proposal is one that is naturally calculated to repose confidence and trust, in the one making the proposal. The relation and correlative duties need not be legal but may be moral, social, domestic or merely personal.” Harrell v. Branson, 344 So.2d 604, 607 (Fla. 1st DCA 1977) (citations omitted).
In this case, both parties presented evidence of their divergent views on the existence of a fiduciary duty. Appellee presented evidence that Appellee held himself out as a real estate agent experienced in luxury riverfront properties and brought Appellant investment proposals, like the instant one, that he represented were excellent investment opportunities. Appellant and her daughter also testified that Appellee told her he would take care of her, that she would “never lose a dime,” and that she could trust him. Appellee also stated on more than one occasion that he would build a small house for Appellant on the property. There was also evidence-that Appellant contacted a bank officer and an attorney recommended by the bank, but disregarded their sound advice against the purchase. By these actions, a jury might conclude that Appellant was acting independently or that she was swayed by Appellee’s expertise and prom: ises of shelter and security in her dotage. Viewing the evidence in the light most favorable to Appellant, a jury could conclude an implied fiduciary relationship existed. The array of facts on the question should be considered by a jury.
Because we conclude that a jury must resolve conflicting evidence on the question of Appellee’s breach of a fiduciary duty, we reverse the directed verdict on this count and remand for further proceedings. We otherwise affirm.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
PALMER and TORPY, JJ., concur.