WOLF, J.
Appellant, Marshall R. Cassedy, Jr., challenges a final order denying him damages in an action for accounting. We determine the final order appears to have applied the wrong burden of proof for determining the legitimacy of certain expenditures made by appellees. This error is particularly apparent in light of the lack of any evidence to demonstrate that many of the contested expenditures were made for legitimate business purposes. We, therefore, reverse for the trial court to reconsider its determination based on the correct burden of proof.

I. Facts and Procedural History

Below, appellant filed an action for an accounting in which he sought (1) an accounting of how appellees spent $315,000 that appellant invested in appellees’ business venture; and (2) a return of any funds that appellees diverted for personal use or were otherwise not used for legitimate business expenses.
The trial court initially granted summary judgment in favor of appellees, finding the accounting action was barred by the statute of limitations. This court reversed, finding the trial court improperly granted summary judgment based on the statute of limitations. Cassedy v. Alland Invest. Corp., 982 So.2d 719 (Fla. 1st DCA 2008) (Cassedy I).
On remand, the trial court entered an order granting partial summary judgment in favor of appellant, finding (1) he was entitled to an accounting; and (2) appel-lees were barred from asserting a statute of limitations defense, citing Cassedy I.
The trial court then held a bench trial to determine whether appellant was entitled to damages. The parties presented evidence including expert and non-expert testimony concerning the propriety of expenditures made by appellees. It would serve no purpose to detail that evidence here, except to note that there were a number of questionable expenditures that were not properly documented in accordance with accepted accounting principles. In fact, for a number of items, appellees could not provide any explanation as to why the expenditures were made.
The trial court entered a final judgment denying appellant relief. The court stated that after a trial on the merits and consideration of the pleadings:
Although the method of record keeping, decision making, and choices on how money was spent by [appellees] Earn-hart and/or Pinkerton is certainly open for criticism, this Court cannot find that there was a breach of fiduciary duty pursuant to Florida law.
For the potential claim under Chapter 517 violations of Florida Statutes, this Court finds that the statute of limitations would have run in 2004. This action was not filed until 2006.
This is, at the end of the day, nothing more than a business that failed, with no monies remaining to be returned to the investors. The Court does not take lightly the impact this decision has on [appellant], but finds it is the only outcome supported by the law and facts in this case.
It is therefore, ORDERED AND ADJUDGED:
That [appellant] shall take nothing on his Complaint, and [appellees] shall go hence without day.
*978 Appellant filed a motion for rehearing. He argued his cause of action was not for a breach of fiduciary duty, but instead it was an action for an accounting, in which ap-pellees had the burden to prove their expenditures were reasonable. Further, he argued he did not raise any “potential claim” under chapter 517. The court denied the motion.

II. Analysis

Here, appellant argues the trial court erred in denying him relief by finding there was no breach of fiduciary duty. He asserts the only cause of action he raised was for an accounting, which is a separate and distinct action from a breach of fiduciary duty and carries a different standard of proof. We agree with appellant. While the trial court found this was “nothing more than a business that failed,” the court did not address whether appel-lees met their burden to prove the expenditures were legitimate.
We note the only issue properly before this court is whether the trial court correctly denied appellant monetary relief based on the evidence presented. Appel-lees failed to file a cross-appeal in order to challenge the trial court’s partial summary judgment in which the court found appellant was entitled to an accounting, and the action was not barred by the statute of limitations. We, therefore, decline to revisit those issues.
“The elements of a cause of action for breach of fiduciary duty are (1) the existence of a duty, (2) breach of that duty, and (3) damages flowing from the breach.” Crusselle v. Mong, 59 So.3d 1178, 1181 (Fla. 5th DCA 2011) (citations omitted).
In contrast, an action for an accounting is a separate and distinct cause of action that may be available where a fiduciary duty exists. See Nayee v. Nayee, 705 So.2d 961, 963 (Fla. 5th DCA 1998).
“Accounting is ordinarily a two-step proceeding, the first step being to determine the plaintiffs light to an accounting. The second is to determine the appropriate amount. The court may then enter a money judgment for such amount.” New World Fashions, Inc. v. Lieberman, 429 So.2d 1276, 1277 (Fla. 1st DCA 1983) (citation omitted).
Once the right to an accounting is established, the other party has the burden to prove, by competent, substantial evidence, that the money was properly handled. See Technical Acoustics, Inc. v. Enter. Nat. Bank of Jacksonville, 672 So.2d 596, 597 (Fla. 1st DCA 1996) (affirming the trial court’s disallowance of some expenses claimed by a lien holder in an action for an accounting, noting “Florida law places the burden of proof on the proponent of each credit”); Beclcewnan v. Greenbaum, 439 So.2d 233, 236 (Fla. 2d DCA 1983) (“Once appellant’s right to the accounting and the five percent of net profits [from the sale of a building] was determined, the appellees had the burden of establishing each credit or deduction [from the gross profit] by competent and substantial evidence” found in the business records and accounts.).
In a similar context, the Second District held that in an action for an accounting against a trustee, “ ‘[i]f the trustee fails to keep clear, distinct, and accurate accounts, all presumptions are against him and all obscurities and doubts are to be taken adversely to him’.... ‘The burden of proof is upon him to show that the money expended was a proper disbursement.’ ” Traub v. Traub, 135 So.2d 243, 244 (Fla. 2d DCA 1961) (emphasis added) (quoting Benbow v. Benbow, 117 Fla. 37, 157 So. 512, 519 (1934) (finding trustee’s testimony regarding payments for services rendered to preserve property held in trust consist *979 ed of only estimates and thus was insufficient to carry his burden)).
In light of the foregoing, we find appellant is correct that a cause of action for breach of fiduciary duty is a separate and distinct cause of action from an accounting, with a different burden of proof. Here, because the trial court found appellant was entitled to an accounting, a determination that is unchallenged, appellees had the burden to prove by competent, substantial evidence that their expenditures were proper and legitimate.
We also agree with appellant that the trial court failed to rule specifically on appellant’s cause of action for an accounting. It is clear that appellant raised only one cause of action, which was for an accounting, not a breach of fiduciary duty. As discussed above, once the right to an accounting was established, the burden shifted to appellees to prove by competent, substantial evidence that the expenditures were proper. See Beckerman, 439 So.2d at 236. It is unclear from the court’s order whether the court properly considered this action and applied the correct burden of proof. The trial court’s determination that this was simply a business that failed did not adequately address whether the expenditures that preceded the failure were proper business expenditures.
We, therefore, REVERSE and REMAND for the trial court to determine whether appellees met their burden of proof to demonstrate the legitimacy of each expenditure.
VAN NORTWICK and CLARK, JJ., concur.