PER CURIAM.
This case involves a one count complaint by Marshall R. Cassedy, Jr., seeking an accounting of funds related to his investment of $315,000 in a failed effort to purchase and develop real estate in Texas in 1999, the primary allegation being the appellees’ misappropriation, concealment, and squandering of monies on improper and extravagant items unrelated to the purpose of the venture. A decade of litigation followed. See Cassedy v. Alland Invs. Corp., 128 So.3d 976, 979 (Fla. 1st DCA 2014) (Cassedy II); Cassedy v. Alland Invs. Corp., 982 So.2d 719, 720 (Fla. 1st DCA 2008) (Cassedy I). After the second of two prior appeals (both of which Mr. Cassedy won), this case was remanded for an evidentiary hearing at which the “appellees had the burden to prove by competent, substantial evidence that their expenditures were proper and legitimate.” Cassedy II, 128 So.3d at 979.
On remand, the trial court — the fourth circuit court judge to participate in the adjudication of this dispute — reviewed the evidence previously submitted and concluded that $128,385.59 of the expenditures by the appellees were neither proper nor *653 legitimate. Indeed, the court found that the appellees “had immediately transferred $100,000” of Mr. Cassedy’s monies “to their own pockets,” a fact that took ten years to discover (and only after a court order); and the investment was used in significant measure to pay for items such as meals, drinks, and golf as well as “questionable” items such as jewelry, “island store purchases, medicine, [and] clothing.” Despite these findings, the trial court awarded Mr. Cassedy only one-third of the total amount squandered, reasoning that his $315,000 investment was only one-third of the total of all funds placed in the appellees’ hands. This was error under this Court’s mandate in Cassedy II as well as equitable principles underlying an action for an accounting. As to the former, the entire $128,385.59 was determined to be improper and illegitimate, ending the limited inquiry on remand from this Court; no division of the proceeds was envisioned or necessitated. As to the latter, no principle of equity of which we are aware would tolerate rewarding a fiduciary’s actions in secreting and then squandering funds under their control for their own benefit for improper or illegitimate purposes. See Ashwood v. Patterson, 49 So.2d 848, 850 (Fla.1951) (“[A] fundamental equitable principle [is] that ‘no one shall be permitted to ... take advantage of his own wrong....’”); Yost v. Rieve Enters., Inc., 461 So.2d 178, 184 (Fla. 1st DCA 1984) (“It is a fundamental principle of equity that no one shall be permitted to profit from his own ... wrongdoing.”). Mr. Cassedy is entitled to an award of the entire amount of expenditures for which no proper or legitimate basis was found to exist.
The trial court also concluded that the appellees had proven that certain other expenses for travel, meals, and entertainment ($24,773.62); professional services ($65,548.04); and office-related supplies ($6,292.75), were proper and legitimate, a conclusion with which Mr. Cassedy disagrees. He argues that although some of these expenditures may have been proper, certain specified items in each of the three categories lack competent substantial evidence, such that the appellees failed to meet their burden of proof. We have reviewed the record and agree that certain items either lacked documentation or that no evidence existed to support their legitimacy. See Green v. Green, 16 So.3d 298, 301 (Fla. 1st DCA 2009) (reversing in equity a monetary award that “was unexplained and without example in current legal precedent”); Skillman v. Baker, 142 So.2d 113, 114 (Fla. 1st DCA 1962) (“[T]he court, having taken jurisdiction of the cause, should have proceeded to do full equity among the parties in keeping with the time-honored equitable maxim that equity delights to do justice and not by halves.... ”). We therefore find that $7,073.77 of travel and entertainment expenses, $3,746.46 of professional fees, and $6,292.75 of office expenses, were unproven. As such, on remand the trial court shall enter a total judgment of $145,498.57 and applicable interest in favor of Mr. Cassedy. Finding no merit in the issue raised on cross-appeal, we affirm.
REVERSED in part, AFFIRMED in part.
ROWE, MAKAR, and BILBREY, JJ., concur.